**UNITED STATES of America, Appellee,**

v.

**Billy JOHNSON, Appellant.**

**No. 78–1049.**

United States Court of Appeals, Eighth Circuit.

Submitted Sept. 20, 1978.

Decided Oct. 23, 1978.

Billy Johnson, pro se.

Robert D. Kingsland, U. S. Atty., and David M. Rosen, Asst. U. S. Atty., St. Louis, Mo., for appellee.

Before LAY, BRIGHT and ROSS, Circuit Judges.

PER CURIAM.

Billy Johnson appeals from his conviction on two counts of willfully failing to file federal income tax returns for the years 1974 and 1975, in violation of 26 U.S.C. § 7203 (1976), and on three counts of willfully supplying false tax withholding information to his employer, in violation of 26 U.S.C. § 7205 (1976). The district court[1] sentenced Johnson to a provisional maximum sentence of five years' imprisonment and a $21,500 fine, to be affirmed or altered at the discretion of the district court pursuant to 18 U.S.C. § 4205 (1976).

Johnson, as he did in district court, proceeds *pro se* on this appeal and contends that (1) the district court denied him effective assistance of lay counsel of his choice; (2) the Government presented insufficient evidence to sustain the convictions; and (3) the sentence imposed amounted to cruel and unusual punishment. We reject these challenges to the convictions and affirm.

---

1. The Honorable John K. Regan, United States District Judge, Eastern District of Missouri, presiding.

## I. *Factual Background.*

In 1974, Billy Johnson filed W–4E forms with the C. D. Bennett Corp. and DACA Machine & Tool, his employers, which indicated that he had no tax liability in 1973 and expected none in 1974. In 1975, he filed a W–4E form with DACA. On April 12, 1975, and April 15, 1976, Johnson filed 1040 forms with the Internal Revenue Service, on which he provided his name and address, the statement "under protest I plead the Fourth and Fifth Amendment to the U.S. Constitution" and his signature. Johnson had an income of $10,204.64 in 1974, with $755.36 still due the Government in taxes, and $11,152.70 in 1975, with a tax liability of $1,728.76. The IRS replied to Johnson's 1040 forms in both 1975 and 1976 with letters offering to assist him in preparing proper returns. Johnson responded to the IRS letter of 1975 with a letter of his own explaining his protest of the tax system.

At his arraignment on October 17, 1977, Johnson appeared alone and informed the court that he desired counsel only in an advisory capacity. He signed a waiver of attorney form. On November 14, 1977, Johnson filed a document entitled "Notice of Appointment of Counsel" which recited that he could not "in good conscience" receive assistance from any " 'licensed' attorney" and gave notice of the appointment of three friends to serve as counsel for him. Nevertheless, the court appointed Merle Silverstein, an experienced tax lawyer, to assist Johnson.

When Johnson and Silverstein appeared for trial on December 12, 1977, Johnson filed an affidavit stating that because Silverstein recommended a guilty plea Johnson lacked confidence in him and discharged him. The court refused to discharge Silverstein, insisted that he sit at the counsel table, and advised Johnson that he should allow Silverstein to conduct the trial. The court also denied Johnson's request that a friend sit at counsel table with him but indicated Johnson could talk with his lay counsel (friend) during "recesses."

## II. *Assistance of Counsel.*

■ Johnson contends that the sixth amendment's guarantee of assistance of counsel encompasses lay counsel, that Silverstein failed to "assist" him during trial, and that he should not have been required to stand trial with a court-appointed attorney he had discharged.

This court has rejected the argument that the sixth amendment guarantees the assistance of lay counsel. *United States v. Olson,* 576 F.2d 1267 (8th Cir. 1978); *United States v. Buttorff,* 572 F.2d 619 (8th Cir. 1978); *United States v. Pilla,* 550 F.2d 1085 (8th Cir.), *cert. denied,* 432 U.S. 907, 97 S.Ct. 2954, 53 L.Ed.2d 1080 (1977); *United States v. Hinderman,* 528 F.2d 100 (8th Cir. 1976).

■ The record discloses that the court appointed for Johnson a capable attorney who was prepared to counsel him before and during trial. Nonetheless, Johnson chose to act as his own counsel. Johnson kept his court-appointed attorney from assisting him and now contends that the failure of this attorney to assist him denied him a fair trial. If counsel failed to adequately "assist" Johnson, it was because Johnson chose to ignore him. *See United States v. Johnson,* 434 F.2d 827, 830 (9th Cir. 1970).

■ The district court acted properly in appointing advisory or "standby" counsel in the face of Johnson's election to proceed *pro se.* *United States v. Olson, supra* at 1270; *United States v. Hinderman, supra* at 103. Although an advisory attorney may not infringe on a defendant's right to self-representation, *see Faretta v. California,* 422 U.S. 806, 95 S.Ct. 2525, 45 L.Ed.2d 562 (1975), there was nothing objectionable in appointing standby counsel as a precaution in case Johnson decided at some point during the trial that he wanted counsel. In addition, we find no error in the district court's rejection of Johnson's belated discharge of Silverstein. *See United States v. Lankford,* 573 F.2d 1051 (8th Cir. 1978).

## III. *Sufficiency of the Evidence.*

■ Johnson claims the Government failed to adequately define the meaning of

the symbol "$" used in the indictment and never proved he received any taxable income during the years in question.

The district court did not err in denying Johnson's request for a bill of particulars directing the Government to explain what the symbol "$" represents. That request was frivolous.

■ Through the introduction of documentary evidence, the Government established that Johnson had sufficient income to require the filing of federal tax returns for 1974 and 1975 and that he intentionally declined to file returns for those years, thereby demonstrating violations of 26 U.S.C. § 7203. Furthermore, the Government established that on three occasions Johnson supplied false withholding information to his employers, thereby proving violations of 26 U.S.C. § 7205. The Government produced payroll checks payable to and endorsed by Johnson to prove his actual receipt of taxable income. We agree with the findings of the district court that the Government produced sufficient evidence to prove Johnson's violations of 26 U.S.C. §§ 7203 and 7205.

### IV. *The Sentence.*

■ The district court provisionally sentenced Johnson to five years' imprisonment and a $21,500 fine, pursuant to 18 U.S.C. § 4205 (1976).[2] This sentence cannot be deemed cruel or unusual because it is yet tentative and does not necessarily reflect the sentence to be actually served. In its own language, 18 U.S.C. § 4205(c) permits the commitment of Johnson to the custody of the Attorney General for a study which will serve "as a basis for determining the sentence *to be imposed.*" (Emphasis supplied). *See United States v. Behrens,* 375 U.S. 162, 164–66, 84 S.Ct. 295, 11 L.Ed.2d 224 (1963). Hence, Johnson's attack on the provisional sentence is premature and cannot now be considered for review.

■ Finally, Johnson contends that the district court lacked jurisdiction in this case because the prosecution proceeded against him by an information instead of by indictment. For a "capital, or otherwise infamous crime," the fifth amendment requires indictment by a grand jury before one may be brought to trial. However, a crime punishable by imprisonment for no more than one year is not an "infamous crime," and for such an offense a defendant may be prosecuted by information. *Green v. United States,* 356 U.S. 165, 183, 78 S.Ct. 632, 2 L.Ed.2d 672 (1958); Fed.R.Crim.P. 7(a). The violation of either 26 U.S.C. § 7203 or 26 U.S.C. § 7205 is punishable by imprisonment not to exceed one year. Therefore, Johnson had no right to be prosecuted by indictment. That Johnson was charged with five counts, making his possible sentence greater than one year imprisonment, does not convert the offenses into crimes chargeable only by indictment. *See United States v. Funk,* 412 F.2d 452, 456 (8th Cir. 1969).

---

2. 18 U.S.C. § 4205 provides in part:

(c) If the court desires more detailed information as a basis for determining the sentence to be imposed, the court may commit the defendant to the custody of the Attorney General, which commitment shall be deemed to be for the maximum sentence of imprisonment prescribed by law, for a study as described in subsection (d) of this section. The results of such study, together with any recommendations which the Director of the Bureau of Prisons believes would be helpful in determining the disposition of the case, shall be furnished to the court within three months unless the court grants time, not to exceed an additional three months, for further study. After receiving such reports and recommendations, the court may in its discretion: (1) place the offender on probation as authorized by section 3651; or (2) affirm the sentence of imprisonment originally imposed, or reduce the sentence of imprisonment, and commit the offender under any applicable provision of law[.]

(d) Upon commitment of a prisoner sentenced to imprisonment under the provisions of subsections (a) or (b) of this section, the Director, under such regulations as the Attorney General may prescribe, shall cause a complete study to be made of the prisoner and shall furnish to the Commission a summary report together with any recommendations which in his opinion would be helpful in determining the suitability of the prisoner for parole. * * *