# IN THE COURT OF APPEALS OF IOWA

No. 15-1517
Filed December 21, 2016

**STATE OF IOWA,**
　　　　Plaintiff-Appellee,

**vs.**

**JAMIE LEE COLE,**
　　　　Defendant-Appellant.
_____

　　　　Appeal from the Iowa District Court for Buchanan County, George L. Stigler, Judge.


　　　　Jamie Cole appeals his judgment and sentence for indecent exposure enhanced as a second sexually predatory offense. **AFFIRMED.**


　　　　John J. Sullivan of Sullivan Law Office, P.C., Oelwein, for appellant.

　　　　Thomas J. Miller, Attorney General, and Sheryl A. Soich, Assistant Attorney General, for appellee.


　　　　Considered by Vogel, P.J., and Vaitheswaran and McDonald, JJ.

**VAITHESWARAN, Judge.**

Jamie Cole appeals his judgment and sentence for indecent exposure enhanced as a second sexually predatory offense. He contends (1) he was denied his right to represent himself and (2) the evidence was insufficient to support the jury's finding of guilt.

## I.    *Right of Self-Representation*

Cole argues, "The district court violated [his] constitutional right to self-representation under the Sixth Amendment when it denied his request to proceed without an attorney." *See State v. Johnson*, 756 N.W.2d 682, 687 (Iowa 2008) ("The Sixth Amendment guarantees the right to self-representation as well as the right to counsel."). The State counters that Cole waived this claim.

"A waiver [of the right to self-representation] may be found if it reasonably appears to the court that defendant has abandoned his initial request to represent himself." *State v. Spencer*, 519 N.W.2d 357, 359 (Iowa 1994) (citation omitted). The record supports a finding of a waiver.

After the State filed a trial information and the district court appointed Cole an attorney, Cole asked his attorney to withdraw and filed a motion to represent himself. At a hearing on these motions, the district court asked Cole if he wished to "continue to request that [his attorney] be withdrawn as [his] attorney." Cole responded, "Yes, ma'am." The court then asked, "Let me make sure that I understand: are you wanting a new attorney appointed to represent you, or are you intending to represent yourself?" Cole responded, "I would have no problem with James Peters out of Independence being appointed." In an effort to clarify, the court stated, "Well, when we do court-appointed counsel, you do not

necessarily get to pick your attorney. My question is, are you requesting the appointment of new counsel?" Cole initially responded, "No, ma'am," but when asked if he "would agree to the appointment of Peters" if the court "were to appoint [him]," Cole responded, "Correct." The court expressed reservations about appointing "a specific attorney to represent someone" but ultimately decided "to appoint Mr. Peters" to represent Cole. The court reset all pending motions to give new counsel an opportunity to consider and discuss them with Cole.

In time, Cole filed a motion to fire Peters and a motion to represent himself. At a hearing on these motions, the district court engaged in the following exchange with Cole:

> COURT: This matter comes before the Court for hearing on several matters this date, most of which are pro se applications of Mr. Cole. There is a July 16, 2015 application to fire Attorney James Peters. What is that about, Mr. Cole? You filed that pro se.
> ATTORNEY PETERS: I've asked—Mr. Cole filed this on the 17th, I believe, to have me removed, and I'd let him address the Court on what he wants to do.
> COURT: Mr. Cole.
> DEFENDANT: I'd withdraw that, Your Honor. Me and James have talked since then.
> COURT: Okay. That resolves that. There is a motion to represent yourself. I presume that is withdrawn as well; is that correct or not?
> DEFENDANT: Well, it must have been one of them that we had a hearing on a couple weeks ago.
> COURT: No, this was filed on July 21. You filed a great many things, and so today is the 28th, and so there was no hearing on that. But in any regard, I assume you're withdrawing that.
> DEFENDANT: Yeah, that's the one that—I want to withdraw that.

We conclude Cole abandoned his request to represent himself. *See id.* at 360 (noting the defendant's "request for self-representation came out of frustration

rather than a distinct and unequivocal request for that constitutional right" and stating "even if [the defendant] wished to proceed pro se at the time of the withdrawal hearing, he waived and abandoned that right by acquiescing to attorney McCoy's full representation of his case for the following year leading up to and during the jury trial"); *State v. Slater*, No. 10-1593, 2011 WL 3925727, at *5 (Iowa Ct. App. Sept. 8, 2011) (stating the defendant "clearly and unambiguously abandoned the request and informed the court he wanted counsel to represent him before proceeding to trial").

## II. *Sufficiency of the Evidence*

Cole challenges the sufficiency of the evidence supporting the jury's finding of guilt. Our review is for substantial evidence. *State v. Robinson*, 859 N.W.2d 464, 467 (Iowa 2015).

The jury was instructed the State would have to prove the following elements of indecent exposure:

> 1. On or about the 21st day of May, 2015, the defendant exposed his genitals or pubes to [a correctional officer] who was not then the defendant's spouse.
> 2. The defendant did so with the specific intent to arouse or satisfy the sexual desire of the defendant or [the correctional officer].
> 3. [The correctional officer] was offended by the defendant's conduct.
> 4. The defendant knew or reasonably should have known that the act was offensive to [the correctional officer].

Cole only contests the third and fourth elements. The jury reasonably could have found both elements satisfied based on the testimony of a correctional officer and jail administrator.

Cole was jailed at the Buchanan County jail facility. The correctional officer testified Cole sat on his bed naked during the night cell check and masturbated in full view of her. She characterized his conduct as "very offensive." The jail administrator acknowledged, "It's not unusual for inmates to masturbate" but testified they were usually "discrete about it" and, in any event, they were always required "to have their pants on." He explained that even Cole generally stopped masturbating if he saw correctional staff. This time he did not. According to the administrator, Cole acted "different[ly]" by lying "naked . . . on his bunk knowing that [the correctional officer] was coming up the stairs." He saw her, "look[ed] right at her," and continued to masturbate. This testimony amounts to substantial evidence in support of the third and fourth elements.

We affirm Cole's judgment and sentence for indecent exposure enhanced as a second sexually predatory offense.

**AFFIRMED.**