# IN THE COURT OF APPEALS OF IOWA

No. 18-2203
Filed April 1, 2020

**STATE OF IOWA,**
　　　　Plaintiff-Appellee,

**vs.**

**ELMER SCHECKEL,**
　　　　Defendant-Appellant.
_____

Appeal from the Iowa District Court for Fayette County, Richard D. Stochl,

Judge.


Elmer Scheckel appeals following his *Alford* plea to third-degree fraudulent

practice. **CONVICTION AFFIRMED AND REMANDED.**


John J. Sullivan of Sullivan Law Office, P.C., Oelwein, for appellant.

Thomas J. Miller, Attorney General, and Martha E. Trout, Assistant Attorney

General, for appellee.


Considered by Bower, C.J., Ahlers, J., and Gamble, S.J.*

*Senior judge assigned by order pursuant to Iowa Code section 602.9206

(2020).

**GAMBLE, Senior Judge.**

Elmer Scheckel appeals following his *Alford* plea to third-degree fraudulent practice.[1]  We affirm.

Scheckel argues he received ineffective assistance of counsel[2] because he claims counsel permitted him to plead guilty without a factual basis to support the plea.[3]  We review ineffective-assistance claims de novo.  *State v. Straw*, 709 N.W.2d 128, 133 (Iowa 2006).  Generally, ineffective-assistance claims are

---

[1] We recognize Iowa Code section 814.6 (2019) was recently amended to prohibit most appeals from guilty pleas.  *See* 2019 Iowa Acts ch. 140, § 28.  In *State v. Macke*, however, our supreme court held these amendments "apply only prospectively and do not apply to cases pending on July 1, 2019."  933 N.W.2d 226, 235 (Iowa 2019).  Because this appeal was pending on July 1, 2019, the amendments "do not apply" to this case.  *See id.*

[2] Iowa Code section 814.7 was recently amended to provide in pertinent part: "An ineffective assistance of counsel claim in a criminal case shall be determined by filing an application for postconviction relief" and "shall not be decided on direct appeal from the criminal proceedings."  *See* 2019 Iowa Acts ch. 140, § 31.  In *Macke*, however, our supreme court held the amendment "appl[ies] only prospectively and do[es] not apply to cases pending on July 1, 2019."  933 N.W.2d at 235.  Because this appeal was pending on July 1, 2019, the amendments "do not apply" to this case.  *See id.*

[3] Several times over the pendency of this case, the district court stated Scheckel elected to proceed pro se with stand-by counsel available.  But Scheckel never waived his right to counsel through the constitutionally required colloquy, so his right to effective counsel remained.  *Cf. Hannan v. State*, 732 N.W.2d 45, 52–53 (Iowa 2007).  Essentially, Scheckel and defense counsel engaged in a hybrid-representation relationship over most of this case.  *See State v. Dawson*, No. 18-0862, 2019 WL 5792566, at *2 n.2 (Iowa Ct. App. Nov. 6, 2019) ("Hybrid representation is when a defendant partially represents himself but also has the benefit of counsel.").  But with respect to the plea proceedings, counsel actively represented Scheckel, and Scheckel relied on counsel throughout the plea process.  Because Scheckel's conduct reasonably appears to have waived any purported invocation of his right to self-representation, we conclude he was represented by counsel during the plea proceedings for purposes of Scheckel's ineffective-assistance claim.  *Cf. State v. Spencer*, 519 N.W.2d 357, 359 (Iowa 1994).

preserved for postconviction relief so the record can be fully developed. *Id.* But when the record is adequate, the claim may be resolved on direct appeal. *Id.*

To succeed on his ineffective-assistance claim, Scheckel must prove by a preponderance of the evidence that counsel failed to perform an essential duty and constitutional prejudice resulted. *State v. Walker*, 935 N.W.2d 874, 881 (Iowa 2019). "Because the test for ineffective assistance of counsel is a two-pronged test, [Scheckel] must show both prongs have been met." *Nguyen v. State*, 878 N.W.2d 744, 754 (Iowa 2016). If Scheckel cannot prove either prong, we need not address the other. *See id.*

In substance, Scheckel does not challenge the factual basis supporting the charge for third-degree fraudulent practice. Instead, he highlights a scrivener's error; the charging instrument, plea agreement, and judgment order cited the incorrect subsection to Iowa Code section 422.25 (2013).

Scheckel was convicted of fraudulent practice in the third degree, in violation of Iowa Code section 714.8(10). Section 714.8(10) provides a person is guilty of fraudulent practice by doing "any act expressly declared to be a fraudulent practice by any other section of the Code." Section 422.25(5) provides:

> A person or withholding agent required to supply information, to pay tax, or to make, sign, or file a deposit form or return required by this division, who willfully makes a false or fraudulent deposit form or return, or willfully fails to pay the tax, supply the information, or make, sign, or file the deposit form or return, at the time or times required by law, is guilty of a fraudulent practice.

Section 422.25(5) expressly defines failure to pay taxes as a fraudulent practice as required by section 714.8(10). While this is the offense Scheckel pled to, the charging instrument, plea agreement, and judgment order mistakenly referred to

subsection (1) of section 422.25 (discussing the statute of limitations) instead of subsection (5).

Nevertheless, the record contains a sufficient factual basis to find Scheckel committed fraudulent practice because he failed to pay his taxes. And it was apparent from the plea colloquy that Scheckel was aware he was pleading to third-degree fraudulent practice because he failed to pay his taxes. Moreover, the written plea provided,

> I understand that in order to establish my guilt the State would have to prove beyond a reasonable doubt all of the following elements of the offense of Fraudulent Practice in the third degree, an aggravated misdemeanor: That in Fayette County, on or about the dates alleged in the trial information, I was a person required to supply information, to pay tax or to make, sign, or file a tax return as required by the Iowa Department of Revenue and I willfully failed to pay such tax, supply the information, or to make, sign, or file a tax return at the time required by law.
> I plead guilty because I know I am guilty. I did the following to commit this crime, in Fayette County, on or about the dates alleged in the trial information, I was a person required to supply information, to pay tax or to make, sign, or file a tax return as required by the Iowa Department of Revenue and I willfully failed to pay such tax, supply the information, or to make, sign, or file a tax return at the time required by law.

We conclude counsel was not ineffective for failing to object to the factual basis. The reference to subsection (1) of section 422.25 is merely a scrivener's error that can be corrected by entry of a nunc pro tunc order. *See State v. Hess*, 533 N.W.2d 525, 527 (Iowa 1995) ("An error is clerical in nature if it is not the product of judicial reasoning and determination. . . . [W]hen the record unambiguously reflects that a clerical error has occurred, we will direct the district court to enter a nunc pro tunc order to correct the judgment entry."). Therefore, we affirm Scheckel's conviction for third-degree fraudulent practice and remand

for entry of a nunc pro tunc order to correct the cited code subsection from section 422.25(1) to section 422.25(5).

Scheckel also raises several pro se issues on appeal.[4]  However, Scheckel waived "constitutional challenge[s] that would undermine [his] conviction" by pleading guilty.  *See State v. Mann*, 602 N.W.2d 785, 789 (Iowa 1999). Nonetheless, there are five claims a defendant may bring on appeal following a guilty plea.  *See State v. LaRue*, 619 N.W.2d 395, 397 (Iowa 2000) (providing a defendant may (1) challenge the sufficiency of the trial information or facial constitutional vagueness of the relevant statutes; (2) claim his plea was uninformed or involuntary; (3) assert a double jeopardy claim; (4) challenge the sentencing statute; or (5) claim counsel was ineffective).

We addressed a portion of Scheckel's ineffective-assistance claim above. The record is not sufficiently developed to address on direct appeal Scheckel's claim that counsel was ineffective by providing incorrect information.  This claim is preserved for postconviction-relief proceedings.  To the extent Scheckel challenges the sufficiency of the trial information, he fails.  The trial information substantively charged a criminal offense.  The district court correctly overruled Scheckel's motions to dismiss.

---

[4] Iowa Code section 814.6A(1) was recently enacted to prohibit defendants from filing pro se supplemental briefs.  *See* 2019 Iowa Acts ch. 140, § 30.  Although our supreme court has not squarely addressed this change, this court has applied the reasoning from *Macke*, 933 N.W.2d at 227–28, and determined it does not apply to appeals filed prior to July 1, 2019.  *See, e.g.*, *State v. Levy*, No. 18-0511, 2020 WL 567696, at *1 n.1 (Iowa Ct. App. Feb. 5, 2020); *State v. Syperda*, No. 18-1471, 2019 WL 6893791, at *12 (Iowa Ct. App. Dec. 18, 2019); *State v. Purk*, No. 18-0208, 2019 WL 5790875, at *7 n.8 (Iowa Ct. App. Nov. 6, 2019).

To the extent Scheckel challenges the plea itself, he waived any challenges by failing to file a motion in arrest of judgment. *Cf. State v. Delacy*, 907 N.W.2d 154, 158–59 (Iowa Ct. App. 2017) (noting a plea may only be challenged through a motion in arrest of judgment so long as the defendant is informed of this requirement or through a claim of ineffective assistance of counsel).

To the extent Scheckel claims the district court erred in "not charging the prosecution with perjury and malicious prosecution," his claim has no merit. The county attorney or the attorney general, not the district court, has the authority to commence or prosecute legal actions in the State's name. *See* Iowa Code § 331.756(1). Further, the record reveals no grounds for any such charge.

Therefore, we affirm Scheckel's conviction and remand for entry of a nunc pro tunc order correcting the judgment entry to reflect Scheckel's conviction of fraudulent practice in the third degree in violation of Iowa Code sections 422.25(5), 714.8(10), and 714.11.

**CONVICTION AFFIRMED AND REMANDED.**