# IN THE COURT OF APPEALS OF IOWA

No. 22-1901
Filed August 9, 2023

**STATE OF IOWA,**
        Plaintiff-Appellee,

**vs.**

**PHILLIP DIAMOND SMITH,**
        Defendant-Appellant.
_____

        Appeal from the Iowa District Court for Hardin County, James A. McGlynn, Judge.


        A defendant appeals his convictions, alleging error in the district court's denial of his request for substitute counsel. **AFFIRMED.**


        Martha J. Lucey, State Appellate Defender, and Maria Ruhtenberg, Assistant Appellate Defender, for appellant.

        Brenna Bird, Attorney General, Kyle Hanson and Nick Siefert, Assistant Attorneys General, and Kadison Roberts, Student Legal Intern for appellee.


        Considered by Bower, C.J., Schumacher, J., and Mullins, S.J.*

        *Senior judge assigned by order pursuant to Iowa Code section 602.9206 (2023).

**MULLINS, Senior Judge.**

Phillip Smith was charged by trial information, as amended, with second-degree burglary, second-degree sexual abuse, and assault with intent to commit sexual abuse. The evidentiary portion of the ensuing trial concluded in one day. The following morning—after the parties and court completed the jury instructions but before closing arguments—the following exchange occurred outside the presence of the jury:

> THE COURT: It's been brought to the court's attention that the defendant has a matter that he wishes to assert.
>
> Mr. Smith, do I understand that you are now requesting a different attorney?
>
> THE DEFENDANT: If that's necessary, yes, sir.
>
> THE COURT: I'm sorry, what?
>
> THE DEFENDANT: If that's necessary, yes, sir.
>
> THE COURT: Why is it necessary?
>
> THE DEFENDANT: I don't believe I've been given proper representation.
>
> THE COURT: Okay. I asked you—We've had a couple different hearings, both in regard to the proposed plea bargain, which you turned down, and regarding your decision not to testify, and you indicated, as I recall, that you had enough time to visit with Mr. Olberding, your attorney, and that you were satisfied with his services. We are now moments away from the jury coming in.
>
> THE DEFENDANT: When was I asked that?
>
> THE COURT: I'm sorry?
>
> THE DEFENDANT: When was I asked this, sir?
>
> THE COURT: We had two hearings that you participated in where you turned down a plea agreement, where you turned the opportunity to testify, and you stated it was your decision; that you had enough time to visit with your attorney and, as I understood, you were satisfied with your attorney. Now, what is your concern right now?
>
> THE DEFENDANT: My concern is that I was not satisfied with my attorney. I understood the question to be was I satisfied with the efforts as far as the plea agreement, and that's it.
>
> THE COURT: Okay. Well, sir, we have a jury waiting to make a decision. I think my concern is this is just a delay tactic on your part.
>
> THE DEFENDANT: This is—

THE COURT: Sir, let me talk. We are going to proceed and have the jury decide this case. All that remains for Mr. Olberding to do at this point is to make closing arguments to the jury and the case will be in the jury's hands. There will be some options. One thing that could happen—not really an option but a possible outcome, you might be found not guilty of all charges and set free, and then changing attorneys becomes moot. If the jury convicts you and you continue to believe that you were not adequately represented, there are methods including post-conviction relief to assert ineffective assistance of counsel.

But at this late stage of the proceeding after having these two previous hearings with you, I'm not going to declare a mistrial, which is what I would have to do, and send this jury home and appoint somebody else to represent you in this case and try it all over again. We are going to proceed and see what the verdict is going to be.

So that's going to be my ruling. Again, if you're not satisfied with the outcome, then you can assert your objections to Mr. Olberding's representation through proceedings after the verdict. But we are going to find out what the verdict is.

Following closing arguments, the jury found Smith guilty of lesser-included offenses on each charge—assault causing bodily injury, third-degree sexual abuse, and assault. The court later merged the first conviction with the second, and Smith appealed following the imposition of sentence.

On appeal, Smith argues "the trial court erred by failing to allow [him] to be heard regarding his request for substitute counsel." Specifically, he complains that, instead of conducting an inquiry into his dissatisfaction with counsel, "the court refused to let him elaborate, assumed that [he] was referring to his decision to refuse the plea deal and decide not to testify, and then ruled against him."

In response, the State points out that Smith later abandoned his request for substitute counsel. Specifically, after the jury returned its verdicts, the court advised Smith of his right to file post-trial motions, in relation to which the following exchange occurred:

> THE COURT: And that possibility of filing a post-trial motion creates problems because before we gave the case to the jury, Mr. Smith, you indicated you wanted to have a new attorney. And is that still your request to have a new attorney?
> THE DEFENDANT: No.
> THE COURT: No?
> THE DEFENDANT: No.

Because Smith later abandoned his request for substitute counsel, the State submits the issue to us now waived. We agree. *Cf. State v. Spencer*, 519 N.W.2d 357, 359 (Iowa 1994) (noting request to proceed without counsel can be found waived when the "defendant has abandoned his initial request to represent himself").

In any event, we note from the get-go that "eleventh-hour requests for substitute counsel," such as this one, are disfavored. *State v. Boggs*, 741 N.W.2d 492, 506 (Iowa 2001). And Smith only complains the court failed to inquire about his request. Notably, the court only has a duty to inquire further into a request for substitute counsel when it is based on a conflict of interest or a breakdown in communication. *See State v. Tejeda*, 677 N.W.2d 744, 750 (Iowa 2004) (communication); *State v. Lopez*, 633 N.W.2d 774, 780 (Iowa 2001) (conflict). Smith's request was based on neither, nor was it based on an "irreconcilable conflict" between client and counsel. *See Boggs*, 741 N.W.2d at 506 ("The grounds to justify the appointment of substitute counsel include a conflict of interest, irreconcilable conflict, or a complete breakdown in communication between the defendant and counsel.").

Instead, the request was based solely on Smith's apparent dissatisfaction with counsel. This alone is not a proper basis for granting a request for substitute counsel. *See id.* ("[G]eneral frustration and dissatisfaction with defense counsel

expressed by a defendant does not alone render counsel unable to perform as a zealous and effective advocate."). And any dissatisfaction Smith had with counsel's performance was obviously cleared up once the jury returned guilty verdicts of lesser-included offenses on each charge, which apparently prompted Smith to abandon his request for substitute counsel.

Lastly, Smith has not specified how he was prejudiced from the court's alleged error, so he is not entitled to relief. *See Lopez*, 633 N.W.2d at 779 (noting "a defendant must show prejudice when the court denies a motion for substitute counsel" except in certain circumstances not relevant here, where counsel is denied completely or counsel has a conflict of interest).[1]

Finding Smith is not entitled to relief, we affirm.

**AFFIRMED.**

---

[1] While irrelevant to the merits, we note that, after the verdicts were returned, defense counsel moved to withdraw, the motion was granted, and substitute counsel was appointed to represent Smith as to post-trial motions and sentencing.