# United States Court of Appeals
## For the Eighth Circuit

_____

No. 13-2210
_____

Richard Bilauski

*Petitioner - Appellee*

v.

Troy Steele; Chris Koster

*Respondents - Appellants*

_____

Appeal from United States District Court
for the Eastern District of Missouri - St. Louis

_____

Submitted: March 11, 2014
Filed: June 5, 2014

_____

Before WOLLMAN, MURPHY, and GRUENDER, Circuit Judges.

_____

WOLLMAN, Circuit Judge.

Warden Troy Steele and Missouri Attorney General Chris Koster (collectively, the State) appeal from the district court's order granting Richard Bilauski's petition for habeas corpus relief under 28 U.S.C. § 2254. We reverse.

# I. Background

On June 10, 2001, Bilauski was involved in a violent altercation with Robert Vessell and Danny Rose. Bilauski repeatedly struck Vessell in the head, first with a pogo stick and then with a baseball bat, delivering blows that caused Vessell to lose consciousness and later die. Bilauski also struck Rose with the baseball bat.

Bilauski was charged with second degree murder, second degree assault, and two counts of armed criminal action. The state trial court appointed counsel to represent Bilauski. Nearly a year before trial, on February 15, 2002, Bilauski filed a *pro se* motion that sought new trial counsel and set forth his grievances against appointed counsel. Less than two months later, Bilauski filed another *pro se* motion, this time seeking to waive counsel. On November 15 and December 23, 2002, respectively, Bilauski filed two additional *pro se* motions for new trial counsel. In these two filings, he emphasized his dissatisfaction with appointed counsel and noted that he had filed several motions to obtain new counsel. No hearing was held on the motions, and the trial court did not rule on them.

Appointed counsel represented Bilauski at trial, at which Bilauski was convicted of voluntary manslaughter, second degree assault, and two counts of armed criminal action. Bilauski's convictions were affirmed on direct appeal, during which he was represented by different counsel.

Bilauski thereafter filed a post-conviction motion pursuant to Missouri Supreme Court Rule 29.15, raising, *inter alia*, the claim of ineffective assistance of direct appeal counsel under <u>Strickland v. Washington</u>, 466 U.S. 668 (1984). Bilauski argued that direct appeal counsel was ineffective for failing to raise a claim that the trial court violated his Sixth Amendment right to self-representation under <u>Faretta v. California</u>, 422 U.S. 806 (1975). The state post-conviction court denied Bilauski's

motion, and the Missouri Court of Appeals affirmed, concluding that Bilauski's direct appeal counsel was not ineffective.

Bilauski then applied for a writ of habeas corpus in federal district court, pursuant to 28 U.S.C. § 2254. He argued that the Missouri Court of Appeals unreasonably applied Strickland when it held that direct appeal counsel provided constitutionally adequate assistance. He also argued that the decision was based on an unreasonable determination of the facts, namely the Missouri Court of Appeals' conclusion that he had not clearly and unequivocally invoked his right to self-representation. The district court granted Bilauski a conditional writ, allowing him to refile a direct appeal in order to raise his Faretta claim to the state court. The State appeals, arguing that the district court erred in granting habeas relief.

## II.  Standard of Review

The State argues that Bilauski is not entitled to habeas relief because the Missouri Court of Appeals did not unreasonably apply the law or unreasonably determine the facts in concluding that Bilauski's Sixth Amendment right to effective assistance of direct appeal counsel was not violated. "When reviewing a district court's decision to grant a petition for the writ of habeas corpus, we review its legal conclusions de novo and its factual findings for clear error." Jones v. Norman, 633 F.3d 661, 665 (8th Cir. 2011).

Under § 2254 as amended by the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), a federal court grants habeas relief if the state court's adjudication "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States[,]" or "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." A state court decision is contrary to clearly established federal law if

-3-

it either "arrives at a conclusion opposite that reached by [the Supreme] Court on a question of law" or "decides a case differently than th[e] [Supreme] Court has on a set of materially indistinguishable facts." Williams v. Taylor, 529 U.S. 362, 412-13 (2000). A state court unreasonably applies Supreme Court precedent if it "identifies the correct governing legal principle from th[e] [Supreme] Court's decisions but unreasonably applies that principle to the facts of the prisoner's case." Id. at 413. A federal court may not issue the writ simply because it "concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly. Rather, that application must also be unreasonable." Id. at 411. "Under § 2254(d), a habeas court must determine what arguments or theories supported . . . the state court's decision; and then it must ask whether it is possible fairminded jurists could disagree that those arguments or theories are inconsistent with the holding in a prior decision of th[e] [Supreme] Court." Harrington v. Richter, 131 S. Ct. 770, 786 (2011).

## III. Discussion

The Counsel Clause of the Sixth Amendment provides that "[i]n all criminal prosecutions, the accused shall enjoy the right . . . to have the Assistance of Counsel for his defence." Additionally, the Supreme Court has established that a criminal defendant has the right to counsel in the first appeal as of right. See Douglas v. California, 372 U.S. 353 (1963). It has long been "recognized that 'the right to counsel is the right to effective assistance of counsel.'" Strickland, 466 U.S. at 686 (quoting McMann v. Richardson, 397 U.S. 759, 771 n.14 (1970)). To prove that counsel was ineffective under Strickland, a defendant must show that his counsel's performance was both deficient and prejudicial. Id. at 687; accord Smith v. Robbins, 528 U.S. 259, 285-86 (2000) (applying Strickland to evaluate a claim of ineffective assistance of appellate counsel). "If it is easier to dispose of an ineffectiveness claim on the ground of lack of sufficient prejudice, which we expect will often be so, that course should be followed." Strickland, 466 U.S. at 697.

To establish prejudice under Strickland, a defendant must demonstrate "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Id. at 694. "The likelihood of a different result must be substantial, not just conceivable." Richter, 131 S. Ct. at 792 (citing Strickland, 466 U.S. at 693).

Bilauski based his Strickland claim on direct appeal counsel's failure to raise a claim that the trial court violated Bilauski's right to self-representation under Faretta by not conducting a Faretta hearing and not allowing him to proceed *pro se*. Faretta requires that a defendant assert his right to self-representation clearly and unequivocally. 422 U.S. at 835. If the request is clear and unequivocal, a Faretta hearing must follow to ensure the defendant is knowingly and intelligently waiving counsel and to inform the defendant "of the dangers and disadvantages of self-representation, so that the record will establish that 'he knows what he is doing and his choice is made with eyes open.'" Id. (quoting Adams v. United States ex rel. McCann, 317 U.S. 269, 279 (1942)).

We conclude that Bilauski is not entitled to habeas relief because, even if we were to conclude that the Missouri Court of Appeals unreasonably determined that counsel's performance was constitutionally adequate, it was not unreasonable for the Missouri Court of Appeals to hold that Bilauski's evidence of prejudice fell short of meeting Strickland's standard. To show prejudice, Bilauski had to show a substantial likelihood that he would have been granted relief on direct appeal—in other words, that his Faretta claim would have succeeded. See Richter, 131 S. Ct. at 792 (citing Strickland, 466 U.S. at 693). The Missouri Court of Appeals held that Bilauski failed to show a substantial likelihood of success on his Faretta claim because he had not clearly and unequivocally asserted his right to self-representation. Bilauski argues that this erroneous holding was based on the following two unreasonable factual determinations by the Missouri Court of Appeals: (1) that the record established that Bilauski was dissatisfied with his trial counsel, not that he wished to forego counsel

-5-

altogether; and (2) that Bilauski repudiated his motion to waive counsel when he filed two subsequent motions seeking appointment of different counsel.

As the district court acknowledged, however, "the Missouri Court of Appeals' characterization of Bilauski's behavior is plausible[.]" D. Ct. Order of Mar. 29, 2013, at 7. Bilauski filed three motions for new counsel, each expressing his frustration with appointed trial counsel. He moved only once to represent himself, and the motion was preceded and followed by his motions for new counsel. Several months passed from the time that he filed his motion to represent himself to his trial, yet he did not reassert his desire to proceed *pro se*. See United States v. Barnes, 693 F.3d 261, 272 (2d Cir. 2012) ("The controlling principle here is that when a defendant in a criminal case has moved to represent himself and the court has not entered a 'clear' and 'conclusive[]' denial, it is incumbent on the defendant 'to reassert his desire to proceed *pro se*'; his failure to do so . . . 'constitute[s] a waiver of his previously asserted Sixth Amendment right' to proceed *pro se*." (first and third alterations in original) (quoting Wilson v. Walker, 204 F.3d 33, 37-38 (2d Cir. 2002))); see also Reese v. Nix, 942 F.2d 1276, 1281 (8th Cir. 1991); Phillips v. State, 214 S.W.3d 361, 365 (Mo. Ct. App. 2007). Instead, Bilauski twice reasserted his desire for new counsel. See Raulerson v. Wainwright, 732 F.2d 803, 808-09 (11th Cir. 1984) (holding that the defendant's first request was equivocal because the court took no action upon the receipt of the request and the defendant subsequently requested to serve as co-counsel). Given the context of Bilauski's motions, the motions suggested that Bilauski was dissatisfied with his appointed counsel, not that he wanted to forego counsel altogether. See Barnes, 693 F.3d at 271 ("Equivocation, which sometimes refers only to speech, is broader in the context of the Sixth Amendment, and takes into account conduct as well as other expressions of intent." (quoting Williams v. Bartlett, 44 F.3d 95, 100 (2d Cir. 1994))). Thus, based on the record before it, the Missouri Court of Appeals did not unreasonably determine that Bilauski had failed to invoke clearly and unequivocally the right to self-representation. Moreover, it was not unreasonable for the Missouri Court of Appeals to find that Bilauski's two

subsequent motions for new counsel repudiated his motion to represent himself. See Batchelor v. Cain, 682 F.3d 400, 406 (5th Cir. 2012) ("Even if defendant requests to represent himself, . . . the right may be waived through defendant's subsequent conduct indicating he is vacillating on the issue or has abandoned his request altogether." (omission in original) (quoting Brown v. Wainwright, 665 F.2d 607, 611 (5th Cir. 1982) (en banc))); United States v. Bennett, 539 F.2d 45, 51 (10th Cir. 1976) ("[D]efendant . . . forfeited his right to self-representation by his vacillating positions which continued until just six days before the case was set for trial."); see also Brown, 665 F.2d at 611 (holding that the defendant waived his initial request through subsequent conduct because he agreed to counsel's representation before the court denied his motion to waive counsel and because the defendant never informed the court of a continuing desire to conduct his own defense even though he had the opportunity to do so up until the first day of trial).

That other courts have taken positions that may support a contrary characterization of the facts does not make the Missouri Court of Appeals' determination of the facts unreasonable, because the record and the conclusions of a number of courts support its characterization. See Rice v. Collins, 546 U.S. 333, 342 (2006) (holding that "[t]he panel majority's attempt to use a set of debatable inferences to set aside the conclusion reached by the state court does not satisfy AEDPA's requirements for granting a writ of habeas corpus"). Thus, the Missouri Court of Appeals did not unreasonably apply Strickland when it concluded that Bilauski had not established prejudice, because if Bilauski did not clearly and unequivocally invoke his right to self-representation, his Faretta claim would not have succeeded on appeal. Because the Missouri Court of Appeals' decision did not involve an unreasonable application of Strickland and was not based on an unreasonable determination of the facts, Bilauski is not entitled to relief under § 2254.

## IV. Conclusion

The judgment is reversed.

_____