FILED
United States Court of Appeals
Tenth Circuit

June 14, 2010

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

v.

SAMUEL L. HENDERSON,

Defendant-Appellant.

No. 09-3206
(D. Kan.)
(D.C. No. 2:08-CR-20139-001-KHV)

**ORDER AND JUDGMENT**[*]

Before **HENRY**, **PORFILIO**, and **BRORBY**, Circuit Judges.[**]

Samuel L. Henderson was convicted after a jury trial of being a felon in possession of a firearm. In this appeal, Mr. Henderson argues that the district court abused its discretion in denying his motion for a continuance. He argues that because the district court denied his motion for a continuance he could not proceed *pro se*, which violated his Sixth Amendment right to self-representation. We are not persuaded by these arguments and therefore affirm Mr. Henderson's conviction.

---

[*] This order and judgment is not binding precedent except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

[**] After examining the briefs and appellate record, this panel has determined unanimously to honor the parties' request for a decision on the briefs without oral argument. *See* Fed. R. App. P. 34(f). The case is therefore submitted without oral argument.

## I. BACKGROUND

A federal grand jury charged Mr. Henderson with being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1). At Mr. Henderson's initial appearance on October 16, 2008, the district court appointed Bruce Kips to represent him, and set the trial date for January 26, 2009.

Less than two weeks before trial, Mr. Kips filed a motion to withdraw as counsel, to appoint new counsel, and to continue the trial. At a hearing on the motion, Mr. Henderson contended that he believed Mr. Kips was not acting in his best interest because Mr. Kips was unable to negotiate a plea bargain. Noting the untimeliness of the motion and finding Mr. Henderson's arguments unpersuasive, the court denied the motion.

At a status hearing less than a week before trial, Mr. Kips moved to continue the trial so his client could consider a plea bargain. Mr. Kips also noted that Mr. Henderson still desired new counsel. The district court granted a continuance of one week and set the trial date for February 2, 2009.

On the day of the trial, Mr. Kips informed the court that there had been a breakdown in communication and that Mr. Henderson had become unwilling to listen to his advice. Mr. Henderson indicated that he would like to represent himself. After noting that "it looks . . . like [Mr. Henderson is] playing games with the Court," the court questioned Mr. Henderson on his reasoning and if he was ready for trial. Rec. vol. II, at 12. Mr. Henderson informed the court that he still felt that Mr. Kips did not have his client's best interest in mind, but that he was unprepared for trial if proceeding *pro se*.

2

The district court found Mr. Henderson's conflict with counsel neither "plausible" nor "credible," and after determining that Mr. Henderson had no prior legal education or experience, the court refused to continue the trial. *Id*. at 17. Although stating that it would allow Mr. Henderson to proceed *pro se*, the district court advised against him doing so. The district court indicated that Mr. Henderson could represent himself with Mr. Kips as standby counsel or continue with Mr. Kips as his counsel. Mr. Henderson chose to proceed to trial with Mr. Kips as counsel.

At trial the jury found Mr. Henderson guilty of being a felon in possession of a firearm and the district court sentenced Mr. Henderson to 103 months' imprisonment.

## II.    DISCUSSION

Mr. Henderson argues that the district court's denial of his motion for a continuance, (a) constituted an abuse of discretion, and (b) violated his Sixth Amendment right to self-representation. We find Mr. Henderson's arguments unavailing. The district court considered Mr. Henderson's motion, made the proper inquiries, acted well within its discretion, and gave Mr. Henderson the opportunity to exercise his right to self-representation. Mr. Henderson cannot demonstrate that the district court either abused its discretion or denied him his constitutional right.

### A. The district court did not abuse its discretion when it denied Mr. Henderson's motion for a continuance.

Mr. Henderson argues that the district court abused its discretion by refusing to grant his February 2, 2009, motion for a continuance. We review the district court's denial of the motion for a continuance for abuse of discretion. *United States v. Pursley*,

3

577 F.3d 1204, 1227 (10th Cir. 2009), *cert. denied*, 130 S. Ct. 1098 (2010).  Abuse of discretion occurs only if the district court's denial was "'arbitrary or unreasonable *and* materially prejudiced the defendant.'"  *Id.* (emphasis in original) (quoting *United States v. Dowlin*, 408 F.3d 647, 663 (10th Cir. 2005)).  "[T]he district court enjoys broad discretion on matters of continuances, even when the parties implicate Sixth Amendment issues." *United States v. Mendoza-Salgado*, 964 F.2d 993, 1016 (10th Cir. 1992).

> To determine the reasonableness of the court's decision we consider four factors:
>
> [1] the diligence of the party requesting the continuance; [2] the likelihood that the continuance, if granted, would accomplish the purpose underlying the party's expressed need for the continuance; [3] the inconvenience to the opposing party, its witnesses, and the court resulting from the continuance; [4] the need asserted for the continuance and the harm that [Mr. Henderson] might suffer as a result of the district court's denial of the continuance.

*Pursley*, 577 F.3d at 1227-28 (quoting *United States v. Rivera*, 900 F.2d 1462, 1475 (10th Cir. 1990) (en banc)).  Upon considering these factors, we hold that the district court's decision was reasonable under the circumstances and did not prejudice Mr. Henderson.

First, a petitioner's diligence may be demonstrated by a timely request and a logical need for the continuance.  *See Pursley*, 577 F.3d at 1228; *see also Rivera*, 900 F.2d at 1475.  Mr. Henderson argues that he diligently pursued a continuance, seeking it immediately after demonstrating his desire to proceed *pro se*, on the day of trial. However, it is well established that a request for a continuance on the day of trial is not timely.  *See Rivera*, 900 F.2d at 1475 (holding that defendant's request for a continuance was not diligent when made five days before trial after retaining counsel for six weeks). Furthermore, the record indicates that during the two weeks before trial, Mr. Kips had

4

visited his client three times and received no communication from his client. The district court indicated it believed Mr. Henderson was "playing games" with the court. Rec. vol. II, at 12. The district court's conclusions as to diligence were reasonable.

Second, we consider whether the grant of the requested continuance will accomplish the party's purpose. *Pursley*, 577 F.3d at 1228. Mr. Henderson argues that the continuance would have provided him with more time so that he could have prepared represent himself. However, Mr. Henderson has failed to show how the additional time would have prepared him to represent himself. When asked how he could do a better job representing himself than his attorney, Mr. Henderson failed to provide any facts that showed he could do a better job.

Third, the court was justified in finding that the length of time a continuance would require would be a great inconvenience on the government, witnesses, and the court. *See id.* (holding that a 24-week delay would cause an undue burden on the opposing parties, witnesses, and the court). The district court stated that a continuance would be lengthy due to "back-to-back trials for . . . 80 court days." Rec. supp. vol. I, at 20. Furthermore, the government maintained that this was a "no-brainer" case that should not take more than two days, and the court had already given the parties an extra week to prepare. Rec. vol. II, at 11. Based on the length of time of the continuance and the burden it would place on the opposing party, witnesses, and the court, the district court's conclusion was reasonable.

Fourth, we agree with the district court that Mr. Henderson has failed to show a need for the continuance and the potential harm he would incur without one. *See Rivera*,

5

900 F.2d at 1476 (holding that because "there was no showing that the failure to grant a continuance resulted in defendant's trial counsel being inadequately prepared" the defendant was not materially prejudiced). Mr. Henderson has not provided this court with any reason how a continuance would help him defend against the charge or the elements that the government intends to prove. *See Pursley*, 577 F.3d at 1229 (finding that the defendant "[made] no mention of how the lack of time *actually* inhibited his defense at trial"). Furthermore, no harm occurred from the district court's denial of a continuance because it did not prevent Mr. Henderson from proceeding *pro se*. The district court clearly informed Mr. Henderson that he could proceed *pro se* if he chose to do so, and would allow Mr. Kips to act as stand-by counsel to assist. Had Mr. Henderson opted to proceed *pro se*, the record indicates that the district court would have acquiesced.

We conclude that, under *Pursley*, the district court did not abuse its discretion in denying the continuance. 577 F.3d at 1227-28.

## B. The district court's denial of continuance did not deny Mr. Henderson the right to self-representation.

Mr. Henderson also claims that the district court's denial of his request for a continuance effectively stripped him of his Sixth Amendment right to represent himself. We review *de novo* whether a Sixth Amendment violation has occurred. *United States v. Mackovich*, 209 F.3d 1227, 1236 (10th Cir. 2000).

There are three requirements that a defendant must meet before he has the right to represent himself. *Id.* "First, the defendant must 'clearly and unequivocally' assert his

6

intention to represent himself." *Id*. (citing *United States v. Floyd*, 81 F.3d 1517, 1527 (10th Cir. 1996)). "Second, the defendant must make this assertion in a timely fashion." *Id*. (citing *United States v. McKinley*, 58 F.3d 1475, 1480 (10th Cir. 1995)). "Third, the defendant must 'knowingly and intelligently' relinquish the benefits of representation by counsel." *Id*. (citing *United States v. Boigegrain*, 155 F.3d 1181, 1189 (10th Cir. 1998)). Mr. Henderson fails to establish either of the first two requirements.

Mr. Henderson has failed to clearly and unequivocally assert his intention to represent himself. "This requirement 'is necessary to protect against an inadvertent waiver of the right to counsel by a defendant's occasional musings on the benefits of self-representation.'" *Id*. (quoting *United States v. Frazier-El*, 204 F.3d 553, 558 (4th Cir. 2000). Mr. Henderson initially indicated that he would like to represent himself, however he withdrew that request because he was not prepared for trial that day. As noted, the district court admonished Mr. Henderson about playing games, and "[w]e have repeatedly shown concern with the use of the right to waive counsel as a 'cat and mouse' game with the courts." *United States v. Reddeck*, 22 F.3d 1504, 1510 (10th Cir. 1994). "Furthermore, a defendant may not manipulate this right in order to delay or disrupt his trial." *Hamilton v. Groose*, 28 F.3d 859, 862 (8th. Cir. 1994). Mr. Henderson retained Mr. Kips as counsel in October, he appeared in court several times with appointed counsel, he often refused to communicate with his counsel, and he received a one week continuance. We agree with the district court that Mr. Henderson's request for self-representation on the day of trial was a tactic to delay the court. *See Mackovich*, 209 F.3d at 1237 (identifying the grant of three continuances, seven-month representation by court-

appointed counsel, untimely requests for self-representation and threats to "stand mute" as "more than adequate to support the district court's finding that [defendant's] requests for self-representation were merely a tactic for delay.").

Finally, Mr. Henderson failed to assert his right in a timely fashion. *See United States v. Smith*, 413 F.3d 1253, 1281 (10th Cir. 2005) (holding defendant's request to represent himself six days before trial to be untimely). Given Mr. Henderson's untimely and less than clear assertion of his right to represent himself, we conclude that the district court's denial of a continuance did not violate Mr. Henderson's Sixth Amendment right to self-representation.

## III. CONCLUSION

Accordingly, we AFFIRM Mr. Henderson's conviction.

Entered for the Court,


Robert Henry
United States Circuit Judge