# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 11-2127

_____

United States of America,    *
                             *
            Appellee,        *
                             *    Appeal from the United States
    v.                       *    District Court for the
                             *    Western District of Missouri.
Jeroba K. Wright,            *
                             *
            Appellant.       *

_____

Submitted: January 9, 2012
Filed: June 27, 2012

_____

Before MELLOY, ARNOLD, and SHEPHERD, Circuit Judges.

_____

MELLOY, Circuit Judge.

A jury convicted Jeroba K. Wright of being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g). The district court[1] sentenced Wright as an armed career criminal to 180 months' imprisonment under 18 U.S.C. § 924(e). Wright now challenges the district court's denial of his motion for a fourth continuance, the sufficiency of the evidence to convict him, and the application of the Armed Career Criminal Act ("ACCA") at sentencing. We affirm.

_____

[1]The Honorable Nanette K. Laughrey, United States District Judge for the Western District of Missouri.

Wright was a passenger in a vehicle that the Kansas City, Missouri, Police Department stopped on May 25, 2009. As law enforcement placed the driver in handcuffs, Wright began to drive the car away. Law enforcement gave chase as Wright fled in the car, which reached speeds of up to sixty miles per hour before crashing mere blocks from the site of the initial stop. After apprehending Wright, law enforcement discovered a firearm in the car. In a subsequent interview with a member of the Kansas City Police Department, Wright admitted that he fled in order to dispose of the firearm before being apprehended. He maintained, however, that he was unaware of the gun's presence in the car until the car's driver mentioned the gun during the traffic stop.

After a grand jury handed down a one-count indictment, charging Wright with being a felon in possession of a firearm, the government filed notice of its intent to rely on the ACCA at sentencing, citing, inter alia, Wright's two prior burglary convictions. Wright was appointed counsel, but after being granted two continuances, Wright moved to replace his appointed counsel. The district court granted that motion on August 4, 2010. Wright's newly-appointed counsel then moved for a third continuance in the case, which the court granted on August 11, 2010.

With trial set for December 13, 2010, Wright on December 2, 2010, again moved to replace his counsel and to continue the case. That motion was denied in its entirety on December 7, 2010. On the morning of the trial, Wright again moved to continue the case and to remove counsel or, in the alternative, to proceed pro se. The district court denied the motion for a continuance, leaving Wright to decide whether to go to trial that day either pro se or with current counsel. Wright opted for the latter. After a jury verdict of guilty, the district court sentenced Wright to the statutory mandatory minimum sentence of 180 months' imprisonment, based on Wright's status as an armed career offender under the ACCA.

Wright's first argument on appeal is that the district court abused its discretion in denying the motion for a continuance that Wright made on the day of trial. "We will not overturn a trial court's denial of a continuance unless the trial court clearly has abused its discretion, because continuances are not favored and should be granted only when a compelling reason has been shown." United States v. Summage, 575 F.3d 864, 877 (8th Cir. 2009) (internal marks omitted). Further, this Court will only reverse the district court's denial of a motion for a continuance if "the moving party was prejudiced by the denial." United States v. Hayles, 479 F.3d 958, 967 (8th Cir. 2007) (internal marks omitted).

Wright's principal contention is that the district court abused its discretion, and effectively violated his Sixth Amendment right to self-representation, when it denied his motion for a continuance. Wright argues that, without a continuance, he was forced into a Hobson's choice between either proceeding with appointed counsel or representing himself with no time to prepare such representation. Yet this predicament was a product of Wright's own making, as he did not request to proceed pro se until the morning of trial. "While the Sixth Amendment allows a defendant to represent himself at trial, that right is not absolute." United States v. Myers, 503 F.3d 676, 681 (8th Cir. 2007). One limitation is that "[t]he defendant must first make his request to proceed pro se in a timely manner." United States v. Oaks, 606 F.3d 530, 541 (8th Cir. 2010); see also United States v. Henderson, 382 F. App'x. 736, 739 (10th Cir. 2010) ("Mr. Henderson argues that he diligently pursued a continuance, seeking it immediately after demonstrating his desire to proceed *pro se*, on the day of trial. However, it is well established that a request for a continuance on the day of trial is not timely."); United States v. Weber, 84 F.3d 1056, 1063 n.3 (8th Cir. 1996) ("In fact, the district court could have denied outright [the defendant's] petition to represent himself" based on the untimely nature of the request.). Wright's request to proceed pro se was untimely, and Wright therefore suffered no prejudice when the district court denied the continuance motion. The district court did not abuse its discretion in denying Wright's motion for a continuance.

Wright's second argument on appeal is that the evidence at trial was insufficient to support his conviction. We review such challenges de novo and will reverse only if no reasonable jury could have found the defendant guilty. United States v. Clay, 618 F.3d 946, 950 (8th Cir. 2010). The only contested element of the felon in possession charge was whether Wright knowingly possessed the firearm, either constructively or actually. Wright argues that he only possessed the firearm in order to rid himself of it, a situation he characterizes as "the opposite of possession." It is uncontested, however, that Wright drove the vehicle with knowledge that the firearm was present in the vehicle with him. This is sufficient to establish his constructive possession of the firearm. See United States v. Hiebert, 30 F.3d 1005, 1009 (8th Cir. 1994). Further, to the extent Wright attempts to raise a defense of transitory or innocent possession, that defense (which this Court has yet to adopt) does not apply here because Wright failed to "rid himself of [the firearm] as promptly as reasonably possible" after learning of its presence—by immediately exiting the car, for example. United States v. Byers, 603 F.3d 503, 507 (8th Cir. 2010). Indeed, his possession was transitory only because he crashed the car shortly after fleeing law enforcement. Possession of a firearm during a high-speed chase initiated for the sole purpose of concealing that firearm from law enforcement is anything but innocent.

Wright's final argument is that the district court incorrectly applied the ACCA by counting Wright's two prior burglary convictions as independent predicate offenses under the ACCA. Wright argues that because he was arrested at the same time for both offenses and because he was likewise sentenced for both offenses at the same time, the district court should have counted these two separate burglary convictions as only one predicate offense under the ACCA. This Court has repeatedly rejected such arguments, see United States v. Daniels, 625 F.3d 529, 533 (8th Cir. 2010), and we do so again here.

The conviction and resulting sentence are affirmed.

_____