# United States Court of Appeals
## For the Eighth Circuit

_____

No. 14-1249

_____

United States of America

*Plaintiff - Appellee*

v.

Christopher Curtis Kelley

*Defendant - Appellant*

_____

Appeal from United States District Court
for the Western District of Missouri - Jefferson City

_____

Submitted: April 23, 2015
Filed: May 29, 2015

_____

Before RILEY, Chief Judge, SMITH and KELLY, Circuit Judges.

_____

RILEY, Chief Judge.

On the morning Christopher Kelley's arson trial was to begin, Kelley moved for substitute counsel or, alternatively, to proceed pro se. The district court[1] denied the motion. At trial, a jury found Kelley guilty on both arson counts. Kelley directly

---

[1]The Honorable Beth Phillips, United States District Judge for the Western District of Missouri.

appealed the district court's orders regarding his representation at trial. We affirmed in part and, retaining jurisdiction, remanded to the district court for clarification of the denial of Kelley's motion to proceed pro se. See United States v. Kelley, 774 F.3d 434, 442 (8th Cir. 2014) (Kelley I). On remand, the district court issued an order clarifying its decision, and, back in this court, the parties submitted supplemental briefs. After careful review, we affirm.

## I.    BACKGROUND

We repeat those facts relevant to this appeal following remand. On April 22, 2013, the first day of trial, Kelley's public defender informed the district court that Kelley did not want the public defender to represent him. The district court excluded the prosecutor from the courtroom, although at Kelley's request, some observers remained. Kelley explained to the district court that Kelley had not had a chance to view all the evidence against him and he had several communication problems with his attorney. The district court replied,

> I think [the public defender] has very clearly explained that he is making decisions in your best interests. . . . And so I am not at this point or at any point in this trial going to grant your request for a new attorney or to discharge [the public defender].

Kelley then stated, "Since you won't provide substitution, I would like to move for the court to allow me to represent myself, contingent upon getting a continuance for me to review the evidence and prepare." The district court then replied,

> I do not believe that granting a continuance at this point is appropriate or necessary. This case has been set for trial on at least one other occasion. The case is ready to move forward. You have expressed identical, if not very similar concerns with respect to [the public defender] I know for a long period of time now, and I don't believe that a continuance is necessary, nor appropriate.

Now, knowing that I'm not going to grant a continuance, *is it your wish that you proceed pro se and without [the public defender] representing you?*

(Emphasis added). Kelley never answered the question orally. At that point, an "unidentified female"—later identified as Kelley's girlfriend—shouted, "Has [the district judge] seen the document?" The district court acknowledged there was a document on the bench, and the public defender stated it was from Kelley. The district court called for a recess in the proceedings so she could look at the document: Kelley's pro se "motion to replace court appointed attorney for ineffective assistance of counsel." Kelley wrote,

> If the Court refuses to appoint another attorney to properly represent me in spite of the fact that I am still willing to work with an attorney, I object that this will be a denial of due process. . . . I am ignorant of the laws, of the court rules, and of court procedure. If the court expects me to either represent myself or accept inadequate counsel, it would be a denial of due process.

Kelley requested two alternate "remedies":

> 1. If the court allows, counsel will withdraw and the court will appoint new counsel and grant a continuance.
>
> 2. If the court denies substitution, I move for the court to allow me to represent myself with the understanding that I am forced to exercise a choice between incompetent or unprepared counsel and appearing pro se.

When the district judge returned to the courtroom after the recess, she stated,

> I have had the opportunity to review the motion to replace court-appointed attorney for ineffective assistance of counsel that Mr. Kelley provided. And, Mr. Kelley, I don't see anything in this document

-3-

that changes my opinion or is essentially anything new from the conversation that you and I had. . . . So I'm going to deny your motion, deny your request for substitute counsel, and proceed today with a trial.

After a three-day trial, the jury returned a guilty verdict on both arson counts. Kelley appealed the district court's denial of his request to proceed pro se, among other issues.

## II.    DISCUSSION

"The right to self-representation . . . is not absolute. Once the defendant makes a clear and unequivocal request to represent himself, a court may nonetheless deny the request in certain circumstances," such as when the request is untimely, the defendant "engages in serious and obstructionist misconduct," or the defendant is unable to produce a "valid waiver" of right to counsel. United States v. Edelmann, 458 F.3d 791, 808 (8th Cir. 2006) (internal citation omitted) (quoting Faretta v. California, 422 U.S. 806, 834 n.46 (1975)) (internal quotation marks omitted). "If [a defendant's] request" to "assert his right to self-representation" "is clear and unequivocal, a Faretta hearing must follow." Bilauski v. Steele, 754 F.3d 519, 522 (8th Cir. 2014). "We review the district court's decision [to deny a request to proceed pro se] *de novo*." United States v. Mosley, 607 F.3d 555, 558 (8th Cir. 2010); see Kelley I, 774 F.3d at 441-42.

After leaving the courtroom to read Kelley's written motion, the district court denied Kelley's pro se request. On remand, the district court clarified that it found Kelley's request "neither timely nor unequivocal." See Edelmann, 458 F.3d at 809 (rejecting a request to proceed pro se when, among other "special facts of th[e] case," the defendant did not file the motion until four to five days before trial); see also United States v. Wright, 682 F.3d 1088, 1090 (8th Cir. 2012) (finding untimely a request to proceed pro se made on the first day of trial). The district court found Kelley's "request was meant to further delay trial. . . . Essentially, [Kelley] contended

-4-

that his due process rights would not be violated only if the Court appointed him new counsel and granted a continuance." Quoting Edelmann, 458 F.3d at 809 (internal quotations and marks omitted), the district court reasoned, "The content of [Kelley's] requests combined with the fact that [Kelley] vacillated between requests for appointment of new counsel and a request to proceed pro se on the morning of trial showed that his request to proceed pro se was a 'manipulative effort to present particular arguments' rather than 'a sincere desire to dispense with the benefits of counsel.'"

Considering the totality of the circumstances, we agree with the district court that Kelley's request was neither timely nor unequivocal. We conclude the district court did not err by not convening a Faretta hearing, see Bilauski, 754 F.3d at 522, and the district court properly denied Kelley's request to proceed pro se.

## III. CONCLUSION

We now fully affirm Kelley's conviction.

_____