# United States Court of Appeals
## For the Eighth Circuit

_____

No. 16-3014

_____

United States of America

*Plaintiff - Appellee*

v.

Bradley J. Prucha

*Defendant - Appellant*

_____

Appeal from United States District Court
for the Southern District of Iowa - Des Moines

_____

Submitted: April 7, 2017
Filed: May 15, 2017

_____

Before SMITH, Chief Judge, SHEPHERD, and FENNER,[1] District Judge.

FENNER, District Judge.

Bradley J. Prucha was charged with conspiracy, mail fraud, producing child pornography, distribution of Xanax to persons under the age of 21, producing child pornography while required to register as a sex offender, and attempting to tamper with witnesses. His trial commenced on February 22, 2016. On the third day of trial,

_____

[1] The Honorable Gary A. Fenner, Judge, United States District Court for the Western District of Missouri, sitting by designation.

Prucha moved to proceed pro se for the fourth time. The district court[2] denied Prucha's motion. At trial, a jury found Prucha guilty on all counts. Prucha now directly appeals the district court's order denying him leave to proceed pro se. We affirm.

## I.    BACKGROUND

In the months leading to trial, Prucha filed several pro se motions. His first set of pro se motions was filed on November 10, 2015 and included a motion to proceed pro se and a request for a hearing regarding access to discovery requests. On December 14, 2016, a magistrate judge held a hearing on these motions. Following an ex parte discussion with the court and defense counsel, Prucha withdrew his motion to proceed pro se. The court then clarified what discovery was available to Prucha, noting that he cannot himself have access to certain discovery under the law. The court further granted Prucha's request to allow a private investigator access to him without presence of counsel.

Later that month, Prucha filed a second motion to proceed pro se and to establish a plan for discovery. Prucha admitted he had reviewed discovery but wanted free access to the discovery to "check and re-check" it. A second hearing before the magistrate judge was held and Prucha again withdrew his motion to represent himself.

On February 22, 2016, the trial commenced with jury selection. After jury selection had concluded, the clerk's office docketed Prucha's third written motion to proceed pro se. He outlined the discovery issues addressed by the magistrate judge and alleged that defense counsel had not done everything he wanted him to do, despite the fact that his prior discovery requests had been provided. He stated that "he has a slightly better defense proceeding pro se as he himself knows most of the answers the

---

[2]The Honorable John A. Jarvey, United States District Judge for the Southern District of Iowa.

-2-

witnesses will provide and can impeach them when necessary with other witnesses['] testimony engraved in the defendants [sic] memory and documents." He further stated that he planned to request to proceed pro se "for some time."

The next morning, the district court addressed Prucha's motion to proceed pro se. Through counsel, Prucha stated that he was not seeking a continuance at that time, but wanted to know "when he can ask to be his own lawyer during the course of the trial once the jury is sworn." The court informed him that he could ask at any time through defense counsel. Prucha then withdrew his motion to proceed pro se.

Midday on the third day of trial, Prucha moved to proceed pro se for the fourth time. This occurred just before the government was going to show damaging evidence to the jury. When asked why he wanted to represent himself, Prucha first said it was because "everything is in my mind and he's just not getting all of the questions out that I would like to get out. I write them down and they still don't make it out." He then went on to complain about his access to discovery. The district court twice asked Prucha if he was prepared to represent himself, to which he responded, "I haven't seen all the discovery." The court denied his request to proceed pro se. It is from this denial that Prucha seeks review.

Prucha did not renew the motion during the remainder of the trial. In fact, the next day, Prucha wrote what he stylized as a "notice to the court." He explained that his first three motions to proceed pro se were filed to ensure he received access to discovery and conceded they had been addressed by the court. He differentiated his fourth motion to proceed pro se by contending defense counsel was inadequate at trial. However, he did not renew his motion to proceed pro se. Rather, Prucha stated that he would like to hire new counsel.

Prucha testified at length during the trial. A jury returned a guilty verdict on all counts on March 1, 2016. Prucha was allowed to represent himself at his sentencing with defense counsel remaining as stand-by counsel. The court sentenced Prucha to 840 months' imprisonment on June 23, 2016. Prucha timely filed his notice of appeal on June 29, 2016, arguing the court's denial of his fourth motion to proceed pro se violated his rights to self-representation.

## II.  DISCUSSION

"In the federal courts, the right of self-representation has been protected by statute since the beginnings of our Nation." Faretta v. California, 422 U.S. 806, 812, 95 S. Ct. 2525, 45 L.Ed.2d 562 (1975). "'The Constitution does not force a lawyer upon a defendant.'" United States v. Warner, 428 F.2d 730, 733 (8th Cir. 1970) (quoting Adams v. United States ex rel. McCann, 317 U.S. 269, 279, 63 S. Ct. 236, 87 L.Ed. 268 (1942)). However, the right to self-representation is not absolute. United States v. Edelmann, 458 F.3d 791, 808 (8th Cir. 2006). "'Once the defendant makes a clear and unequivocal request to represent himself, a court may nonetheless deny the request in certain circumstances,' such as when the request is untimely, the defendant 'engages in serious and obstructionist misconduct,' or the defendant is unable to produce a 'valid waiver' of right to counsel." United States v. Kelley, 787 F.3d 915, 917-18 (8th Cir. 2015) (quoting Edelmann, 458 F.3d at 808). "'We review the district court's decision [to deny a request to proceed pro se] *de novo*.'" Id. (quoting United States v. Mosley, 607 F.3d 555, 558 (8th Cir. 2010)).

"[T]he right to self-representation is unqualified only if demanded before trial." United States v. Wesley, 798 F.2d 1155, 1155 (8th Cir. 1986). "Once trial commences, that right is subject to the trial court's discretion which requires a balancing of the defendant's legitimate interests in representing himself and the potential disruption and possible delay of proceedings already in progress." Id. at 1155-56. We have routinely found requests made after the commencement of trial to

be untimely.  See Kelley, 787 F.3d at 918 (concluding motion to proceed pro se made on the morning of trial was not timely); United States v. Wright, 682 F.3d 1088, 1090 (8th Cir. 2012) (same); United States v. Webster, 84 F.3d 1056, 1063 n.3 (8th Cir. 1996) (stating motion to proceed pro se made during trial could have been denied by district court as untimely).  Prucha made his fourth motion to proceed pro se midway through the third day of trial, and thus, it was not timely.

Furthermore, Prucha's motion to proceed pro se was untimely because he claimed he was not prepared to represent himself.  The district court twice asked Prucha if he was prepared to represent himself to which he responded that he had not seen all of the discovery.  While Prucha now claims his statements were untruthful, the district court was not required to challenge the statements and then force him represent himself unprepared.  See United States v. Oaks, 606 F.3d 530, 541 (8th Cir. 2010) (district court acted within its discretion in denying defendant's motion to represent himself after defendant expressed concern over his ability to properly prepare for trial).

That the district court advised Prucha he could make his motion to proceed pro se at any time does not make his motion timely.  Prucha was allowed to make his motion, and the district court considered it.  Only after the district court determined that the motion was untimely did the court deny the motion.

Considering that Prucha's fourth motion to proceed pro se was made midday on the third day of trial, we agree with the district court that Prucha's request was untimely.  We conclude the district court properly denied Prucha's request to proceed pro se.

## III. CONCLUSION

We affirm Prucha's conviction.

_____