# United States Court of Appeals
### For the Eighth Circuit

_____

No. 19-1160
_____

United States of America

*Plaintiff - Appellee*

v.

Roman Gabriel Harlan

*Defendant - Appellant*
_____

Appeal from United States District Court
for the District of Nebraska - Omaha
_____

Submitted: February 14, 2020
Filed: June 4, 2020
_____

Before LOKEN, BENTON, and KELLY, Circuit Judges.
_____

BENTON, Circuit Judge.

A jury convicted Roman Gabriel Harlan of two counts of assaulting an intimate partner by strangling in violation of 18 U.S.C. §§ 113(a)(8) and 1153, one count of assault with a dangerous weapon in violation of 18 U.S.C. §§ 113(a)(3) and 1153, and one count of domestic assault by an habitual offender in violation of 18 U.S.C. § 117.

The district court[1] sentenced him to 90 months in prison for strangling and assault with a dangerous weapon. It sentenced him to a concurrent 60 months for domestic assault. He appeals the sentence, conviction, and two pretrial rulings.[2] Having jurisdiction under 28 U.S.C. § 1291, this court affirms.

Harlan's trial was scheduled for June 18, 2018. On May 30th, with Harlan's consent, his counsel filed an unopposed motion for continuance. The magistrate judge granted the motion the next day, continuing the trial to August 20th and excluding the time from May 31st to August 20th from speedy trial calculations. After the court granted the continuance, Harlan advised his attorney he did not want to waive his rights under the Speedy Trial Act. At a June 5 hearing, the magistrate judge found the interests of justice best served by the continuance. The court also denied Harlan's request for substitute counsel.

At trial, before the government called its second witness, Harlan moved to proceed pro se. The district court denied the motion. The jury convicted. The court sentenced him within the guidelines. He appeals his conviction and sentence.

I.

Harlan maintains the magistrate judge erred by denying his pre-trial request for substitute counsel. "Whether to grant a continuance and substitution of counsel is a matter committed to the sound discretion of the district court." *United States v. Swinney*, 970 F.2d 494, 499 (8th Cir. 1992). A party who does not object to a non-dispositive order in accordance with Federal Rule of Criminal Procedure 59(a)

---

[1]The Honorable John M. Gerrard, Chief Judge, United States District Court for the District of Nebraska.

[2]The Honorable Susan M. Bazis, United States Magistrate Judge for the District of Nebraska.

waives the "party's right to review." **Fed. R. Crim. P. 59(a)**. However, because Rule 59(a) is a "nonjurisdictional waiver provision, the Court of Appeals may excuse the default in the interests of justice." *United States v. Kelley*, 774 F.3d 434, 439 (8th Cir. 2014), *quoting* *Thomas v. Arn*, 474 U.S. 140, 155 (1985). Harlan did not object to the order denying him substitute counsel. The government believes he waived his right to review. *See id*. Harlan argues his counsel could not "be reasonably expected to object to the ruling" that retained him as counsel. According to Harlan, this "conflict of interest or irreconcilable conflict between Harlan and his trial counsel" was exactly what "required the appointment of substitute counsel."

Assuming without deciding that Harlan did not waive his right to appeal this issue, his claim still fails. "[A] criminal defendant who is dissatisfied with appointed counsel must show 'justifiable dissatisfaction' to warrant substitution of counsel, such as a conflict of interest, an irreconcilable conflict, or a complete breakdown in communication between the attorney and the defendant." *United States v. Jones*, 795 F.3d 791, 796 (8th Cir. 2015) (internal quotation marks omitted). "When faced with a motion to appoint substitute counsel, the district court must balance several factors, including the need to ensure effective legal representation, the need to thwart abusive delay tactics, and the reality that a person accused of crime is often genuinely unhappy with an appointed counsel who is nonetheless doing a good job." *United States v. Barrow*, 287 F.3d 733, 738 (8th Cir. 2002) (internal quotation marks omitted). "A defendant is entitled to competent and effective legal counsel, nothing more." *Kelley*, 774 F.3d at 439.

At the June 5 hearing, the magistrate judge considered Harlan's request for substitute counsel. Among his complaints, he asserted that: (1) he met with his attorney only once, despite leaving "numerous messages;" (2) his attorney mistakenly sent confidential paperwork to another inmate; and (3) the paralegal did "all this nonprofessional stuff," including hanging up on him. Harlan did not allege a conflict of interest, an irreconcilable conflict, or a complete breakdown in communication. In

fact, he admitted reviewing discovery with the paralegal. The court considered his concerns but found they did not rise to the level of justifiable dissatisfaction. It concluded that his attorney was "competent" and could represent him effectively.

On appeal, Harlan focuses on his attorney's request for additional time for trial preparation. This issue does not create a conflict of interest or an irreconcilable conflict. *See Jones*, 795 F.3d at 798 (holding no conflict of interest where a defendant claimed "he did not agree to continuances and did not want to give up his speedy trial rights"). Despite Harlan's belated disagreement with his attorney's request for a continuance, the court found the attorney competent to represent him. And, as the court noted, Harlan could not reasonably expect a new attorney to defend him effectively at trial with less than thirteen days to prepare.

Because Harlan did not show justifiable dissatisfaction with his attorney, the court did not err in denying his request for substitute counsel. *See Kelley*, 774 F.3d at 439 (holding that "a defendant's frustration with counsel who does not share defendant's tactical opinions but continues to provide zealous representation" does not rise to the level of justifiable dissatisfaction).

II.

Harlan argues the magistrate judge erred by continuing the trial over his objection and excluding the time from calculations under the Speedy Trial Act. This court reviews factual findings about the Speedy Trial Act for clear error, and legal conclusions de novo. *United States v. Shepard*, 462 F.3d 847, 863 (8th Cir. 2006). "When a defendant fails to assert his right to a speedy trial by moving for a dismissal before trial, the right is waived." *United States v. Williams*, 605 F.3d 556, 572-73 (8th Cir. 2010). The government again invokes waiver because Harlan did not object to the trial continuance or move to dismiss the case for a Speedy Trial Act violation.

-4-

Harlan argues his counsel could not reasonably have been expected to object to a ruling that counsel requested, even though it was contrary to Harlan's wishes.

Again, assuming without deciding that this issue was not waived, Harlan's claim fails. The Speedy Trial Act requires that "trial begin within 70 days after a defendant is charged or makes an initial appearance unless the running of the time is stopped for reasons set out in the statute." *United States v. Herbst*, 666 F.3d 504, 509 (8th Cir. 2012). Harlan's trial began about 150 days after his initial appearance. The magistrate judge excluded from the speedy trial calculations the time between May 31st (the date the court granted the continuance) and August 20th (the date the trial was continued to). Harlan initially consented to the continuance. After the court granted it, he advised counsel he did not want to waive his speedy trial right.

Harlan's "opposition to his counsel's request for a continuance," even if timely asserted, "does not prevent that time from being excluded from the speedy trial calculation." *Herbst*, 666 F.3d at 510. Under the Speedy Trial Act, a judge can exclude "[a]ny period of delay resulting from a continuance granted by any judge on his own motion or at the request of the defendant or his counsel . . . if the judge granted such continuance on the basis of his findings that the ends of justice . . . outweigh the best interest of the public and the defendant in a speedy trial." **18 U.S.C. § 3161(h)(7)(A)**. The factors "a judge shall consider in determining whether to grant a continuance" include, among other things, whether the failure to grant the continuance "would deny counsel for the defendant . . . the reasonable time necessary for effective preparation, taking into account the exercise of due diligence." **18 U.S.C. § 3161(h)(7)(B)(iv)**.

Here, Harlan's counsel explained his need for additional preparation time, including his other caseload, the complexity of the case, and the difficulties of investigating it. The magistrate judge thoroughly considered these reasons, discussed

them with Harlan, and found them reasonable. The judge also explained why Harlan needed an attorney with sufficient time to prepare for trial. The court did not err in continuing the trial and excluding the time from calculations under the Speedy Trial Act. *See **Herbst***, 666 F.3d at 510.

## III.

Harlan believes the district court erred by denying his mid-trial request to proceed pro se. This court reviews de novo the denial of a request to proceed pro se. ***United States v. Prucha***, 856 F.3d 1184, 1187 (8th Cir. 2017). "[T]he right to self-representation is not absolute." ***Id.*** at 1186. "A request to proceed pro se is constitutionally protected only if it is timely, not for purposes of delay, unequivocal, voluntary, intelligent and the defendant is competent." ***Jones v. Norman***, 633 F.3d 661, 667 (8th Cir. 2011) (internal quotation marks omitted). "Once trial commences, that right is subject to the trial court's discretion which requires a balancing of the defendant's legitimate interests in representing himself and the potential disruption and possible delay of proceedings already in progress." ***United States v. Wesley***, 798 F.2d 1155, 1155-56 (8th Cir. 1986).

Before the government called its second witness, Harlan requested to proceed pro so. He said he was dissatisfied with his counsel because counsel did not ask the questions he requested on cross-examination and was "trying to belittle me." On the court's questioning, Harlan admitted he had never represented himself, did not know the rules of evidence, would have to "look back at the books" to see the elements of his charges, and did not know "whether an answer to a question . . . is proper under the law." The court inquired about potential defenses; Harlan answered non-responsively. After several more questions, the court denied the motion, concluding he was "not in a position to represent himself certainly in the middle of trial."

Relying on *Jones v. Norman*, Harlan asserts the district court improperly focused on his legal abilities in denying his request. *See* **Jones**, 633 F.3d at 667-68 (noting a court is not permitted to consider whether a defendant "could have ably defended himself"). Unlike the defendant in *Jones*, however, Harlan did not request to proceed pro se "well before his trial was to begin." **Id.** at 668. Rather, he made the request during trial, without the benefit of "considerable time to familiarize himself with the rules if his request was granted." **Id.** Thus, his ability to represent himself *immediately* was relevant to the potential trial disruption.

Permitting Harlan to assume self-representation—where he conceded little knowledge about his charges, possible defenses, and the rules of evidence and criminal procedure—could have caused a significant delay mid-trial. The district court did not err in denying this untimely request. *See, e.g.*, **Prucha**, 856 F.3d at 1187 (holding a request to proceed pro se made the third day of trial was not timely because defendant had not yet reviewed discovery); **United States v. Kelley**, 787 F.3d 915, 917-18 (8th Cir. 2015) (holding that a request to proceed pro se made on the morning of trial was not timely).

IV.

Harlan challenges his within-guidelines sentence, claiming the district court placed "too heavy of an emphasis on Harlan's prior record and need (in the District Court's view) to simply punish him." This court reviews the substantive reasonableness of a sentence under a "deferential abuse-of-discretion standard, taking into account the totality of the circumstances." **United States v. Young**, 644 F.3d 757, 762 (8th Cir. 2011). "A district court abuses its discretion when it (1) fails to consider a relevant factor that should have received significant weight; (2) gives significant weight to an improper or irrelevant factor; or (3) considers only the appropriate factors but in weighing those factors commits a clear error of judgment." **United States v.**

*Feemster*, 572 F.3d 455, 461 (8th Cir. 2009) (en banc) (internal quotation marks omitted).

The district court properly considered Harlan's history of committing similar, serious violent offenses against women. *See* **18 U.S.C. § 3553(a)(2)** (allowing the court to consider whether the sentence would "afford adequate deterrence to criminal conduct" and "protect the public from further crimes of the defendant"). It thoroughly considered the § 3553 factors and did not err in imposing a within-guidelines sentence.

\* \* \* \* \* \* \*

The judgment is affirmed.

_____