# IN THE COURT OF APPEALS OF IOWA

No. 20-0059
Filed February 17, 2021

**STATE OF IOWA,**
　　Plaintiff-Appellee,

**vs.**

**ALEXANDER VONRIEDEL BURGDORF,**
　　Defendant-Appellant.
_____

　　Appeal from the Iowa District Court for Marion County, Steven W. Guiter,

District Associate Judge.


　　Defendant appeals from three convictions for driving while license revoked.

**AFFIRMED**.


　　John C. Heinicke of Kragnes & Associates, P.C., Des Moines, for appellant.

　　Thomas J. Miller, Attorney General, and Genevieve Reinkoester, Assistant

Attorney General, for appellee.


　　Considered by Mullins, P.J., and May and Schumacher, JJ.

**SCHUMACHER, Judge.**

Alexander Burgdorf appeals from three separate convictions following jury trials where he was found guilty of driving while his license was revoked. He argues the evidence is insufficient to prove he operated a motor vehicle in one of his cases. Additionally, he asserts his right to self-representation was violated in all three of his cases when he was represented by counsel despite his requests to proceed pro se. We find the record contains substantial evidence to support the jury's verdict and Burgdorf's right to self-representation was not violated. Accordingly, we affirm.

## I. Introduction

This appeal includes three cases: SRCR030003, SRCR030437, and SRCR030283. The three cases arise from the same underlying offense of driving while license is revoked in violation of Iowa Code section 321J.21.[1] The cases were tried separately to a jury and a guilty verdict was returned in each case. On appeal, Burgdorf claims the evidence is insufficient in case number SRCR030283 and his right to self-representation was violated in all three cases.

## II. Sufficiency of the Evidence in case SRCR030283

### A. Facts

On May 6, 2019, Knoxville police officer Joel Kimpston-Burkgen was on routine patrol when he observed Burgdorf's vehicle with what appeared to be illegally tinted windows traveling on the roadway. The officer activated his lights

---

[1] The cases arise from three separate offense dates. Burgdorf was charged by trial information in case SRCR0300003 on November 15, 2018; in case SRCR030283 on May 21, 2019; and in case SRCR030437 on August 13, 2019.

and pulled the vehicle over. He parked his patrol car behind Burgdorf's vehicle, exited his vehicle, and approached Burgdorf's driver's side window. Seated behind the wheel was Burgdorf. In the passenger seat was Burgdorf's girlfriend. The officer requested Burgdorf's driver's license and registration. Burgdorf provided registration but indicated he was not a valid driver and did not have his driver's license. The officer called dispatch to request Burgdorf's driving license record and found that his license was revoked. Burgdorf was arrested for driving while revoked.

## B. Standard of Review

Sufficiency of evidence claims are reviewed for correction of errors at law. *State v. Sanford*, 814 N.W.2d 611, 615 (Iowa 2012). A verdict is binding upon this court and will be upheld unless it is not supported by substantial evidence. *State v. Tipton*, 897 N.W.2d 653, 692 (Iowa 2017). Substantial evidence is evidence that would convince a rational trier of fact that the defendant is guilty beyond a reasonable doubt. *Id.* If evidence raises only suspicion, speculation, or conjecture, it is not substantial. *State v. Howse*, 875 N.W.2d 684, 688 (Iowa 2016). We view all relevant evidence in the light most favorable to the State. *Id.*

## C. Analysis

At trial, the State was required to prove beyond a reasonable doubt that Burgdorf: (1) operated a motor vehicle, and (2) at the time his license was revoked. *See* Iowa Code § 321J.21 (2019). Burgdorf does not contest the fact his license was revoked. Rather he claims the evidence is insufficient to prove that he operated a vehicle. Despite being in the driving seat when the officer approached

the vehicle, Burgdorf argues there is nothing to show that he and his passenger did not switch seats in the moments it took the officer to approach his window.

The jury rejected this argument. Ample evidence was presented to prove Burgdorf was operating a vehicle. Officer Kimpston-Burkgen testified that he was familiar with Burgdorf's vehicle and observed it traveling on the roadway. When he approached the vehicle, Burgdorf was in the driver's seat. He did not report seeing the passengers of the vehicle switch seats. Video of the stop was admitted into evidence at trial. We find the record contains substantial evidence for the jury to find Burgdorf operated a vehicle while license under revocation.

## III.     Right to Self-Representation

### A.     Introduction

A pretrial conference for Burgdorf's three cases was held on August 27, 2019.[2] Burgdorf indicated that he would like to proceed pro se in the proceedings, and the district court granted his request allowing his then-appointed counsel to withdraw. On September 26, the State filed a memorandum of final plea offer encompassing the pending cases and requested a hearing. The court set a hearing for October 1 to consider all pending motions and further address Burgdorf's request to proceed pro se. At the October 1 hearing, Burgdorf initially maintained his desire to represent himself; however, after discussing what would be required of him during a jury trial, Burgdorf indicated he would like to be

---

[2] The August 27 pretrial conference was scheduled in all three of Burgdorf's cases. Additionally, pretrial hearings were held in case SRCR0300003 on October 1 and in case SRCR030437 on October 15; however, matters relevant to all three cases were discussed in each.

represented by counsel. The court found Burgdorf qualified for court-appointed counsel and appointed such to represent him in his three cases.

Burgdorf subsequently voiced a desire to represent himself multiple times in each of his cases. His requests were denied by the district court, and he was represented by counsel in all three of his jury trials. Burgdorf claims his Sixth Amendment right to self-representation was violated when counsel was appointed in his three cases, and his subsequent requests to proceed pro se were denied.[3]

## B.    Standard and Scope of Review

Burgdorf's constitutional claims are reviewed de novo. *See State v. Rater*, 568 N.W.2d 655, 657 (Iowa 1997). "[W]e look to the record as a whole to determine whether the defendant desired to be represented by counsel." *Spencer*,

---

[3] We note, Burgdorf asks this court to "adopt the three-part test found in the dissenting opinion in *State v. Spencer*," 519 N.W.2d 357, 362 (Iowa 1994), and find he was denied the right to self-representation. However, "[w]e are not at liberty to overrule controlling supreme court precedent" and therefore, must decline. *State v. Jeffrey*, No. 19-1918, 2020 WL 4814141, at *1 (Iowa Ct. App. Aug. 19, 2020) (quoting *State v. Beck*, 854 N.W.2d 56, 64 (Iowa Ct. App. 2014)). As noted in the decision granting Spencer's writ of habeas corpus, "A trial court evaluating a defendant's request to represent himself must 'traverse . . . a thin line' between improperly allowing the defendant to proceed *pro se,* thereby violating his right to counsel, and improperly having the defendant proceed with counsel, thereby violating his right to self-representation." *Spencer v. Ault*, 941 F. Supp. 832, 834 (N.D. Iowa 1996) (quoting *Field v. Murray*, 49 F.3d 1024, 1029 (4th Cir 1994)). In determining whether the trial court traversed this "thin line," or instead strayed from it, the habeas corpus court found the trial court must decide three issues. *Id.* The threshold issue is whether the petitioner clearly and unequivocally asserted his right to self-representation under the Sixth Amendment in his state court criminal proceedings. *Id.* If the court finds that the petitioner did indeed make such a demand to represent himself, then the court must consider two further questions. *Id.* They are, first, whether the state trial court properly appointed only "standby counsel" to assist the petitioner with his defense, and, second, whether the petitioner then waived his right to self-representation by acquiescing in the actions of his standby counsel. *Id.* We note the facts between the instant case and *Spencer* are distinct. Burgdorf did not clearly and unequivocally assert his right to self-representation under the Sixth Amendment and the current law in Iowa.

519 N.W.2d at 360; *see also Reese v. State*, 391 N.W.2d 719, 723 (Iowa Ct. App. 1986). "In evaluating the record, we indulge in every reasonable presumption against waiver." *Rater*, 568 N.W.2d at 661.

### C. Analysis

The Sixth and Fourteenth Amendments of the federal Constitution ensure that "[i]n all criminal prosecutions, the accused shall enjoy the right . . . to have the assistance of counsel for his defen[s]e." U.S. Const. amend. VI; *see* U.S. Const. amend. XIV; *Faretta v. California*, 422 U.S. 806, 807 (1975). Implicit in the guarantees of the Sixth Amendment is a "'correlative right to dispense with a lawyer's help.'" *Id.* at 814 (quoting *Adams v. United States ex rel. McCann*, 317 U.S. 269, 279 (1942)). While the Sixth Amendment right to counsel attaches until waived, "the right to self-representation is not effective until asserted." *State v. Martin*, 608 N.W.2d 445, 450 (Iowa 2000); *see Rater*, 568 N.W.2d at 658.

"When an accused manages his own defense, he relinquishes, as a purely factual matter, many of the traditional benefits associated with the right to counsel. For this reason, in order to represent himself, the accused must 'knowingly and intelligently' forgo those relinquished benefits." *Faretta*, 422 U.S. at 814 (quoting *Johnson v. Zerbst*, 304 U.S. 458, 464−65 (1938) (plurality opinion of Black, J.)). The request must be "clear and unequivocal" and courts must "indulge every reasonable presumption against waiver." *Martin*, 608 N.W.2d at 450 (quoting *Zerbst*, 304 U.S. at 464); *accord Brewer v. Williams*, 430 U.S. 387, 404 (1977) (applying equally the "strict standard" against waiver of a constitutional right to waiver of the right to counsel); *see Patterson v. Illinois*, 487 U.S. 285, 307 (noting the "strong presumption against" waiver of right to counsel).

"[I]n light of the strong presumption against waiver of the constitutional right to counsel," before accepting the request, a district court must engage the defendant in what has been coined a "*Faretta* colloquy." *State v. Cooley*, 608 N.W.2d 9, 15 (Iowa 2000) (quoting *Von Moltke v. Gillies*, 332 U.S. 708, 724 (1948)). Through the colloquy, the court must make the defendant "aware of the dangers and disadvantages of self-representation, so that the record will establish that he knows what he is doing and his choice is made with eyes open." *Faretta*, 422 U.S. at 835 (quotations omitted).

"The surrounding circumstances will determine the sufficiency of a colloquy." *Hannan v. State*, 732 N.W.2d 45, 53 (Iowa 2007); *see Cooley*, 608 at 15 ("[A] judge must investigate as long and as thoroughly as the circumstances of the case before him demand." (quoting *Von Moltke*, 332 U.S. at 724)). The colloquy, at minimum, must touch on "the nature of the charges, the statutory offenses included within them, the range of allowable punishments thereunder, possible defenses to the charges and circumstances in mitigation thereof, and all other facts essential to a broad understanding of the whole matter." *Hannan*, 732 N.W.2d at 53 (quoting *Von Moltke,* 332 U.S. at 724).

Burgdorf criticizes the adequacy of the district court's colloquies in each of his cases separately. Specifically, Burgdorf argues, "For each of the three separate cases, the trial court's inquiry into Burgdorf's request to proceed pro se mandated by *Faretta* [sic] was inadequate (SRCR030003), non-existent (SRCR030283), or deficient (SRCR030437)." We choose to address Burgdorf's claims in kind.

It remains, however, that the surrounding circumstances dictate the sufficiency of the colloquy, and we review the entire record in assessing a question of waiver. *See Hannan*, 732 N.W.2d at 53; *Spencer*, 519 N.W.2d at 360. Our analysis is informed throughout by the fact Burgdorf requested the appointment of counsel, the same judge presided over Burgdorf's three cases, the underlying offense in each case was the same, and he was represented by the same attorney throughout the proceedings.

### 1. *Case No. SRCR030003*

As previously discussed, the district court scheduled a pretrial hearing on October 1 to address the pending matters in Burgdorf's cases. The hearing began by Burgdorf questioning the authority of the court and requesting "as beneficiary of my legal person," "proof of delegated authority of jurisdiction."[4] The court responded, "If you expect me to allow you to proceed without counsel, you need to answer my questions, and I need to make a decision that you're able to represent your own interest. Do you understand that?" Burgdorf stated that he did.

The court began a colloquy with Burgdorf and established that he knew he had the right to counsel, what the State would be required to prove at trial, the potential penalties he faced if found guilty, his level of education, and his prior experience with criminal trials. As the court described what would be required of

---

[4] Burgdorf's requests to represent himself throughout the proceedings are embedded in his broader contention that the charges against him are unconstitutional. It appears from the record that Burgdorf believes the State cannot "license" his right to travel and therefore views the proceedings against him as illegitimate.

Burgdorf during jury selection, Burgdorf stated, "I got to take an—take an attorney. Maybe I'll take some representation." The district court responded, "Do you wish to have an attorney appointed to represent you in this case?" Burgdorf stated, "Yes, Your Honor." Burgdorf submitted a financial affidavit and an application for appointment of counsel. The court found Burgdorf qualified for court-appointed counsel and appointed counsel to represent him.

Concerning the appointment of counsel in his other cases, the court and Burgdorf engaged in the following discussion:

> The Court: Do you want me to appoint the same attorney to represent you on your other cases at this time? Burgdorf: Not at this time.
> Q: Well, are you asking to represent yourself on the case that is set for two weeks from now? [referencing case No. SRCR030437] A: Yeah, it's a possibility.
> Q: If you are, I'm going to deny your request because I don't think you meet the standards to be able to represent yourself in a jury trial. A: I said—all right. Then I guess appoint the same.
> Q: I will appoint counsel on Mr. Burgdorf's other cases at this time as well.

On appeal Burgdorf claims the district court's colloquy in case No. SRCR030003 was "inadequate" and "abbreviated" because "the inquiry stopped after the court asked some questions about jury selection and Burgdorf indicated he would take some representation." Additionally, Burgdorf claims that "[o]nce there was an indication by Burgdorf that he wanted to represent himself in the other driving while license under revocation case, the court should have resumed the self-representation inquiry in Case No. SRCR030003." We disagree.

"[A] waiver [of the right to self-representation] may be found if it reasonably appears to the court that defendant has abandoned his initial request to represent himself." *Spencer*, 519 N.W.2d at 359 (quoting *Brown v. Wainwright*, 665 F.2d

607, 610 (5th Cir. 1982)). After indicating his desire to proceed pro se, the district court properly engaged Burgdorf in a colloquy as mandated by *Faretta*. However, after hearing what would be required of him in jury selection, Burgdorf stated that he wished to be represented, and counsel was appointed. We find Burgdorf abandoned his initial request to proceed pro se through his subsequent statements and actions requesting counsel be appointed. *See id.* at 359−60 (citing cases where defendant's subsequent actions indicated an abandonment of initial request to proceed pro se); *Reese*, 391 N.W.2d at 723 ( "[E]ven if a defendant requests to represent himself, the right may be waived through his subsequent conduct indicating he is vacillating on the issue or has abandoned his request altogether." (quoting *Brown*, 665 F.2d at 610)).

We disagree with Burgdorf's assertion that the district court was required to re-engage Burgdorf in a colloquy after he indicated, "it's a possibility" he wished to represent himself in another of his cases. "In the absence of a clear and knowing election, a court should not quickly infer that a defendant unskilled in the law has waived counsel and has opted to conduct his own defense." *Id.* at 723 (quoting *Brown*, 665 F.2d at 610). The right to counsel is preeminent, and district courts must "indulge every reasonable presumption against waiver." *Brewer*, 430 U.S. at 404; *see Patterson*, 487 U.S. at 307. Burgdorf had requested he be represented, and counsel was appointed. His subsequent statements did not equate to a clear and unequivocal assertion of his right to self-representation. *Cf. Spencer*, 519 N.W.2d at 359 (explaining waiver of the right to self-representation may be found despite a defendant's statement that he wishes to represent himself if those statements are made "merely out of brief frustration with the trial court's decision

regarding counsel and not as a clear and unequivocal assertion of his constitutional rights."). We find no error.

2.    *No. SRCR030437*

On October 15, a pretrial conference was held in case SRCR030437. Burgdorf's counsel informed the court that he believed Burgdorf wished to proceed pro se because he was dissatisfied that his counsel could not identify a means of avoiding trial without pleading guilty. The court began a colloquy with Burgdorf and inquired into his background, including his age, medical history, substance abuse, and level of education. The court asked Burgdorf, "What is your reason for not wanting an attorney to help you—help you with your case?" Burgdorf responded,

> Because I do not want to give consent to contract with you. I'm not obligated—or obliged—to contract because I'm standing on my rights. The State cannot require you to give up a right for privileges, and you have no delegated authority to convert my rights into privileged rights so I do not wish to contract with you nor do I understand—nor can I consent to proceed until—you answer and provide with evidence of delegated authority before we could proceed with this matter as director and beneficiary of my legal person.

The court continued to examine Burgdorf and inquired into his understanding of the charges against him, the penalties he faced, and his prior experience with criminal trials. The court explained what would be necessary of him at trial and asked, "You believe you can do all of that without the assistance of an attorney?" Burgdorf responded, "I do not understand nor can I consent to proceed until you answer and provide with evidence—delegated authority before we proceed with this matter as director and beneficiary of my legal person and corporation." The court responded, "Is it—still your request to proceed without an

attorney?" Burgdorf gave a similar response stating, "I do not wish to contract with you nor do I understand nor can I consent to proceed . . ." and went on to demand that the court "discharge this entire matter with prejudice and award the penalties for the crimes to be paid to me for false arrest $6680.00."

The court denied Burgdorf's request, stating, "The court is going to deny Mr. Burgdorf's request to represent himself. We've went through a number of questions. The court does not believe that Mr. Burgdorf has clearly and unequivocally shown his assertion of the right to proceed pro se and waived counsel so counsel remains as appointed."

Burgdorf claims the district court's colloquy in case No. SRCR030437 was "deficient" because "the court gave up on trying to get an answer from Burgdorf as the court deemed Burgdorf's answers as non-responsive." We disagree.

In order for the district court to allow Burgdorf to proceed pro se, it was required to find Burgdorf "knowingly and intelligently" waived his right to counsel. To ensure a valid waiver, the court began a colloquy with Burgdorf; however, as Burgdorf admits, he "never really answers the court's questions about whether he would be capable of undertaking his own defense." The right to counsel and self-representation are inextricably in tension, and as our supreme court has noted, this "place[s] trial judges between a rock and a hard place." *Spencer*, 519 N.W.2d at 361(quoting *United States v. Berkowitz*, 927 F.2d 1376, 1383 (7th Cir.1991)). However, it is the right to self-representation that must be asserted clearly and unequivocally. *See e.g.*, *Martin*, 608 N.W.2d at 450.

"Equivocation, which sometimes refers only to speech, is broader in the context of the Sixth Amendment, and takes into account conduct as well as other

expressions of intent." *Bilauski v. Steele*, 754 F.3d 519, 523 (8th Cir. 2014) (quoting in parenthetical *United States v. Barnes*, 693 F.3d 261, 271 (2d Cir. 2012)). Burgdorf did not offer meaningful responses to the court's inquiry, and his statements were predominated by demands that the charges against him be dismissed. We have upheld a district court's denial of a defendant's request to proceed pro se where the defendant advanced arguments similar to Burgdorf's contesting the authority of the court and made "disjointed and rambling statements, demonstrating he did not understand the underlying legal proceedings or what he was required to do so as to be able to represent himself." *See State v. Ross*, No. 14-1717, 2016 WL 1677181, at *4 (Iowa Ct. App. April 27, 2016). Given the context of Burgdorf's request, we agree with the district court that Burgdorf did not clearly and unequivocally assert his right to self-representation and knowingly and intelligibly waive his right to counsel. *Cf. Raulerson v. Wainwright*, 732 F.2d 803, 808–09 (11th Cir. 1984) (finding no unequivocal waiver of the right to counsel where defendant abruptly walked out of courtroom during *Faretta* colloquy).

   3.   *No. SRCR030282*

Case SRCR030283 was the last of Burgdorf's cases to go to trial and commenced on December 12. At the beginning of trial, Burgdorf reasserted his desire to fire his counsel and proceed pro se. The district court denied this request and stated that "[a] hearing was previously held on this matter some time ago[.]" Burgdorf responded,

> Well, I do not consent with these proceedings—to go on with these proceedings, and I do not wish to contract with you. I do not want him representing me. He is fired. He needs to withdraw from my case and the UCC, right, and located—look at denying me proper

representation, you know, counsel of my choice, and that's a violation of my rights.

Burgdorf then demanded that the district court "dismiss these charges and clear them from my record and—pay me reimbursement of $3,075,000 for my false arrest." The court denied the request, stating,

> We previously had a hearing about representation, and it was determined that we would—you would continue with court-appointed counsel. This is the date and time set for trial. The jury—the parties are here to serve as jurors so we're going to proceed with the jury trial today with [counsel] representing you.

Burgdorf proceeded to trial represented by counsel.

Burgdorf claims the district court's colloquy in case No. SRCR030282 was "non-existent" and argues "[a]t a minimum, some type of *Faretta* inquiry should have been made as to Burgdorf's request for self-representation." We believe the circumstances surrounding Burgdorf's request make the district court's actions sufficient to find no error.

"[T]he right to self-representation is not absolute." *United States v. Harlan*, 960 F.3d 1089, 1093 (8th Cir. 2020) (quoting *United States v. Prucha*, 856 F.3d 1184, 1187 (8th Cir. 2017)). "The surrounding circumstances will determine the sufficiency of a colloquy." *Hannan*, 732 N.W.2d at 53. Burgdorf made his request moments before the last of his three trials. The same judge presided over each of Burgdorf's trials, the underlying offense was the same, and he was represented by the same counsel. The district court "must investigate [the request to proceed pro se] as long and as thoroughly as the circumstances of the case before him demand. . . . [T]he extent of a trial court's inquiry may vary depending on the nature of the offense and the background of the accused." *Cooley*, 608 N.W.2d at

15 (quotations omitted). Burgdorf had previously requested representation, and counsel was appointed. The court had twice prior engaged Burgdorf in lengthy colloquies concerning his desire to represent himself and properly determined he had not knowingly and intelligibly waived his right to counsel. Burgdorf's assertions concerning his representation were again a part of his broader contention that the proceedings were illegitimate.

"A request to proceed pro se is constitutionally protected only if it is timely, not for purposes of delay, unequivocal, voluntary, intelligent and the defendant is competent." *Harlan*, 960 F.3d at 1093 (quoting *Jones v. Norman*, 633 F.3d 661, 667 (8th Cir. 2011)). Given the court's extensive prior discussion on the matter and the substantially similar argument advanced by Burgdorf, we do not believe the court was required to embark on a third in-depth colloquy with Burgdorf moments before trial was to begin. "Once trial commences, th[e] right [to self-representation] is subject to the trial court's discretion which requires a balancing of the defendant's legitimate interests in representing himself and the potential disruption and possible delay of proceedings already in progress." *Id.* (quoting *United States v. Wesley*, 798 F.2d 1155, 1155–56 (8th Cir. 1986)). "The right to self-representation does not exist to be used as a tactic for delay, for disruption, for distortion of the system, or for manipulation of the trial process." *United States v. Edelmann*, 458 F.3d 791, 808–09 (8th Cir. 2006). "[T]he government's interest in ensuring the integrity and efficiency of the trial at times out-weighs the defendant's interest in acting as his own lawyer." *Martinez v. Court of Appeal of California, Fourth Appellate Dist.*, 528 U.S. 152, 162 (2000). Given the

surrounding circumstances and the record as a whole, we find the district court's denial of Burgdorf's request constitutionally sufficient.

## IV.     Conclusion

The record contains substantial evidence to support the jury's verdict.  We find no error in the district court's denial of Burgdorf's requests to represent himself. According, we affirm.

**AFFIRMED.**